(December 30, 1966)

■ GEORGE KING, Appellant, v. COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, Respondent.— STALEY, JR., J. Appeal from an order of Special Term granting defendant's motion to dismiss the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action. The plaintiff King was a defendant in an automobile negligence

action brought by one Ralph Greenhalgh. The defendant, Commercial Insurance Company of Newark, was King's liability insurance carrier and, as such, provided for King's defense of the action. During the course of trial, King's attorney applied to the court for permission to withdraw, on the ground that King failed to fully co-operate with the company in the defense of the action. Such application was denied, and the trial was concluded with a jury verdict in favor of Greenhalgh in the sum of $7,200, and judgment was entered on April 13, 1962. Thereafter, the company notified King that it denied liability and refused to pay the judgment. Greenhalgh brought an action pursuant to section 167 of the Insurance Law against the defendant insurance company, and obtained a judgment against the company, the jury finding that the insured did co-operate with the company pursuant to the terms of the policy. That judgment was affirmed by this court (25 A D 2d 916), and was thereafter paid by the insurance company. In the complaint under consideration, the plaintiff in the first cause of action seeks to recover the amount of the Greenhalgh judgment from the insurance company. The complaint was served before the Greenhalgh action against the company was finally determined and the judgment paid and, therefore, the first cause of action is now moot. The second cause of action alleges the entry of the judgment against the plaintiff; the suspension of his chauffeur's license by the Commissioner of Motor Vehicles on the 2d day of October, 1962, because the said judgment remained unpaid; the enforcement of the suspension order by the Police Department of the Village of Monticello on the 15th day of February, 1963; and the obligation on the plaintiff's part to pay attorney's fees and expenses in the sum of $2,000 incurred in proceedings to recover his chauffeur's license. The complaint further alleges that the defendant and its attorney were grossly negligent in the manner in which it defended the action against the plaintiff, and in the failure to appeal the judgment, and that the defendant contended that it was not obligated to pay the judgment, and refused to pay the same. The second cause of action seeks to recover judgment in the sum of $2,000, and exemplary damages in the sum of $100,000. The defendant asserts that the action was prematurely brought. According to the best inferences which may be drawn from the complaint, the plaintiff seeks relief for breach of contract and negligence with the alleged breach and tort having occurred prior to the commencement of the present action. In our opinion, the second cause of action was not prematurely brought. Although it appears that the plaintiff may have a cause of action against the defendant, the second cause of action does not contain sufficient material allegations to support the conclusions alleged. While pleadings must be liberally construed, ultimate facts and not legal conclusions must be alleged. (*Swacker* v. *Moody*, 5 A D 2d 836; *Benton* v. *Kennedy-Van Saun Mfg. Corp.*, 2 A D 2d 27.) This cause of action also co-mingles a breach of contract action and a tort action. We find no basis whatsoever for any claim for punitive damages and the complaint as drawn contains no sufficient allegations either of actionable negligence or of the contractual basis of defendant's supposed liability. Judgment modified, on the law and the facts, so as to provide that the dismissal of the complaint be without prejudice to plaintiff's right to replead within 20 days after entry of an order hereon such separate causes of action as he may be advised and, as so modified, affirmed, with costs to appellant. Gibson, P. J., Herlihy, Aulisi and Brink, JJ., concur with Staley, Jr., J.