■ JOHN D. MELITO, Respondent, v INTERBORO-MUTUAL INDEMNITY INSURANCE COMPANY, Defendant, and HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Following the rejection of claims for no-fault benefits for injuries allegedly sustained by him in a motor vehicle accident, plaintiff commenced an action in Supreme Court against both defendants seeking payment of these benefits. He could have elected to seek the same relief by way of arbitration (Insurance Law, § 675, subd 2). On plaintiff's motion for summary judgment, the court granted the motion against defendant Interboro-Mutual Indemnity Insurance Company and denied the motion against defendant Hartford, finding that "Plaintiff first made claim to Interboro for no-fault benefits and that said claim should properly have been processed to carry out the intent of the New York Comprehensive Automobile Insurance Regulations as set forth in the sections cited above." (11 .NYCRR 65.16 [j] [2].) After the motion for summary judgment had been argued, renewed and reargued, and 12 days before the

court rendered its written decision plaintiff commenced the present action against both defendants alleging their intentional, malicious and negligent failure to indemnify him for no-fault benefits. He seeks "incidental and consequential damages" of $1,000,000 for claimed loss of credit rating, business, etc. "all as a result of the breach of contract and negligence of the defendants." Both defendants moved to dismiss the complaint for failure to state a cause of action (CPLR 3211, subd [a], par 7) and said motions were denied. Since only defendant Hartford appealed from the order denying its motion, our findings are limited only to that motion. The court erred in denying the motion of Hartford. The complaint against Hartford is framed in broad, conclusory terms alleging that it "knowingly, intentionally, maliciously and negligently failed" to indemnify plaintiff for injuries sustained by him in the automobile accident. No evidentiary facts are pleaded to show either malice or negligence. The only allegations made which claim any wrongdoing on the part of defendant are that it issued an insurance policy which allegedly covered plaintiff, that it rejected an alleged claim by plaintiff claiming that Interboro was responsible to plaintiff for his no-fault benefits and that defendant resisted and interposed an answer to plaintiff's complaints denying responsibility to him and opposed his motion for summary judgment. Plaintiff's affidavits in opposition to Hartford's motion to dismiss the complaint are likewise deficient in failing to set forth any evidentiary fact to support its alleged cause of action for malice and negligence. The most that can be said is that Hartford was confronted with a lawsuit which it felt presented a justiciable issue as to its liability. A complaint is required to contain statements of sufficient particularity to give the court and the parties notice of the transactions and occurrences intended to be proved, along with the material elements of each cause of action (CPLR 3013). While "material facts" need no longer be pleaded "under the Civil Practice Law and Rules, the statements in pleadings are still required to be factual, that is, the essential facts required to give 'notice' must be stated." (Foley v D'Agostino, 21 AD2d 60, 63.) A complaint is insufficient if based solely on conclusory statements, unsupported by factual allegations (Taylor v State of New York, 36 AD2d 878). The test to be applied to the sufficiency of pleadings is not whether the complaint has stated a cause of action but rather, upon examination of the four corners of the pleading, do the factual allegations contained therein indicate the existence of a cause of action (Guggenheimer v Ginzburg, 43 NY2d 268). Using this yardstick, and accepting those factually supported allegations in plaintiff's complaint as true, he has failed to state a cause of action against defendant Hartford. Furthermore, in order for plaintiff to succeed in his action, he would have to establish that defendant Hartford owed him some duty to pay his no-fault benefits in the first instance. This is the precise issue which was raised in the earlier action commenced by plaintiff wherein it was determined that Hartford owed no such duty to plaintiff. The judgment in one action is conclusive in a later one where the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first (Kromberg v Kromberg, 56 AD2d 910, affd 44 NY2d 718; Herendeen v Champion Int. Corp., 525 F2d 130; 9 Carmody-Wait 2d, NY Prac, § 63:203). (Appeal from order of Oneida Supreme Court—dismiss complaint.) Present —Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ. [96 Misc 2d 943.]