OPINION OF THE COURT
Beatrice Shainswit, J.
Defendant moves to dismiss plaintiff’s action, seeking damages for his alleged wrongful discharge, on a variety of theories. Plaintiff’s position — which defendant, on this motion, does not contest — is that he was discharged, as an officer and assistant treasurer of defendant, after 22 years of employment in various accounting positions, because of (a) his age of 59, and (b) his insistence on revealing, to top management of defendant corporation, illegal accounting practices designed to present a fraudulent picture of defen *508 dant’s growth in income — a revelation he contends he was required to make by defendant’s own written rules for its chief financial officers. Moreover, plaintiff alleges that he was discharged in an egregiously humiliating fashion, and he details the abusive manner in which the discharge was handled.
Defendant contends that the complaint must be dismissed because plaintiff had no written contract and was simply an “at-will” employee; that there is no doctrine of abusive discharge in New York; and that the remaining causes of action, for prima facie tort and intentional infliction of emotional distress, are unavailable and insufficient.
More specifically: plaintiff, seeking damages, recovery of lost salary and bonuses, and medical expenses incurred because of health impairment allegedly caused by defendant, states that defendant’s “Master Accounting Manual”, which he was required to follow, obligated him to report to management any deviation from defendant’s internal rules, and that he was ultimately discharged because of his insistence on following these rules and reporting financial improprieties.
He alleges that in 1976 he was transferred and demoted because he had reported such inaccuracies, involving altered invoices. His new superior allegedly stated often that he wished he could fire him, but that was illegal because of plaintiff’s age, and so instead he would simply insure that plaintiff did not advance at the company. In 1978 plaintiff wrote a report about certain illegal pension reserves, which was not acted upon; however, his superior, who presented it to management was — according to plaintiff — summarily discharged. In April, 1980 plaintiff raised the same subject with two superior officials. He was told he did not know what he was talking about, discharged, and ordered to leave at once.
Moreover, plaintiff contends, when he returned the next day for his belongings, he was placed under guard, barred from saying goodbye to his colleagues, told that his belongings had been taken from his desk (allegedly by breaking the lock) and publicly escorted out of the building; two weeks later, when he came, as directed, to collect his *509 possessions, he was summarily ordered out of the building, and his possessions dumped on the street beside him. Plaintiff finally alleges that this treatment has caused a high blood pressure condition which has cost him substantial sums.
In this setting, the court is confronted with the following dilemma.
Contracts terminable at will have traditionally been interpreted to mean just that — i.e., terminable at caprice or even as a means of expressing hostility against a terminated employee. On the other hand, courts in various other jurisdictions have been fashioning the doctrine of abusive discharge — namely, judicial limitation on the exercise of a contractual prerogative to terminate at will, where termination has been motivated by bad faith, a malicious purpose to inflict substantial economic harm, or in spite and retaliation. In these other jurisdictions, the contractual prerogative to terminate at will has been construed so as not to be enforceable in a court of law in a setting of mala fides (Lipsig, Employment at Will — Doctrine Reviewed, NYU, June 24, 1981, p 1, col 1).
The day may be inevitable when the doctrine of abusive discharge will be a fixed principle in the substantive law of New York. But that day has not yet come, although some courts in New York have paid homage to the doctrine, although generally refusing to apply it on the facts of given cases (see Balando v American Opt. Corp., Index No. 13229/80, Supreme Ct, Westchester County. May 21, 1981, Marbach, J.; Chin v American Tel. & Tel. Co., 96 Misc 2d 1070, affd 70 AD2d 791; Edwards v Citibank, 100 Misc 2d 59, affd 74 AD2d 553).
This case may or may not prove to be the turning point. The facts alleged by plaintiff, and assumed, arguendo, by defendant’s motion, appear to be quite compelling. They may not, at this juncture, standing alone, be quite sufficient to carry the day for plaintiff to uphold a claim for abusive discharge. But disclosure proceedings may elicit still further evidence providing additional fabric on the claim.
*510 The court declines to put plaintiff out of court, without at least affording him the opportunity to avail himself of disclosure procedures. Granted that disclosure may prove burdensome to defendant, the other side of . the coin is that the discharge of a 59-year-old employee, after 22 years of service, is also a burden to plaintiff. And, weighing the relative inconveniences, plaintiff should be permitted to maintain his present toehold in court, precarious as it may be, and be afforded an opportunity to elicit further evidence that might put his claim on a firmer footing.
The motion to dismiss the first cause of action is therefore denied.
As to the cause of action for breach of contract — plaintiff in effect concedes that there was no written contract of employment, and that he was hired for a period of indefinite duration; and his allegations as to the oral arrangement (hiring him as “a whistle blower”) in no way rise to the level of a contract avoiding the bar of the Statute of Frauds. Nor is this bar avoided by the allegations as to the need for dealing in good faith, except as this issue is involved in the first cause of action. The fourth cause of action — i.e., the cause of action for breach of contract — is therefore dismissed.
Similarly, the facts stated by plaintiff as to the manner of his discharge, although hardly casting credit on defendant, do not add up to causes of action for prima facie tort or intentional infliction of emotional distress. The second and third causes of action are therefore also dismissed.
Finally, the cause of action alleging discrimination because of age and in violation of section 296 of the Executive Law is opposed primarily on the ground that it is time barred. Plaintiff was discharged on April 18, 1980. Plaintiff’s initial summons was filed with the New York County Clerk on April 14,1981, a second summons and the original complaint on June 5, 1981, and an amended complaint (for the first time asserting the age discrimination claim) on October 16, 1981. The Executive Law provision in question provides that: “Any complaint filed pursuant to this section must be so filed within one year after the alleged unlawful discriminatory practice”. (Executive Law, §297, subd 5.)
*511 Plaintiff relies on CPLR 203 (subd [b], par 5) permitting the filing of a summons for the purpose of tolling the Statute of Limitations. Defendant states that this section was not designed for plaintiff’s situation, and that in any event the summons served on defendant in June, 1981 differed in certain details from the April summons, and therefore began a new lawsuit. Furthermore, defendant urges that the October amendment does not relate back to either summons.
The cause of action was not timely filed. First of all, the time limitation in the Executive Law “is mandatory; it is in the nature of a condition upon the substantive right conferred by the Human Eights Law” (State Div. of Human Rights v Westmoreland Cent. School Dist., 56 AD2d 205, 207). Directly on point are Romano v Romano (19 NY2d 444) and Obolensky v New York State Div. of Human Rights (67 AD2d 1069).
Even treating the one-year period as a Statute of Limitations, however, an amendment to a complaint filed after a period of limitations has expired relates back to the original complaint only where the latter gave clear notice at least of the facts underlying the newly added theory. (See Harriss v Tams, 258 NY 229.) The original complaint here did not even mention plaintiff’s age, let alone indicate any facts connecting his discharge to age discrimination. Even less revealing was the first, April, summons, which simply said that the object of the action was “to recover damages for compensatory and malicious termination of plaintiff’s employment”. Nothing in either summons or the first complaint gave notice to the defendant of the age discrimination cause of action first pleaded in October, after the one-year period of limitations had long expired.
Accordingly, the fifth cause of action is dismissed. In sum, the motion is granted as to all of plaintiff’s causes of action except the first.