■ BETTY O. MUKA et al., Appellants, v GREENE COUNTY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered May 13, 1983 in Albany County, which granted defendant's motion to dismiss the amended complaint. ¶ Plaintiffs sued defendant under sections 1983, 1985 and 1986 of title 42 of the United States Code for various claimed deprivations of their civil rights. From plaintiffs' rambling, discursive pleading, the most that can be gleaned is that their claims arise out of the fact that plaintiff Charles P. Myles was convicted of a crime in Schoharie County and, because of lack of available local jail accommodations, was transferred to the Greene County Jail to serve his sentence. Plaintiff Betty O. Muka, as petitioner/relator, then commenced a habeas corpus proceeding on Myles' behalf to challenge the legality of his detention, which came on to be heard before the County Judge of Greene County. It is alleged that at the hearing, the Sheriff and County Attorney of Greene County were present, together with the Schoharie County District Attorney, but only the Schoharie County District Attorney spoke to the merits of the petition. Plaintiffs aver that the County Judge heard from plaintiff Myles, but refused to permit plaintiff Muka to address the court. The complaint further states that, without taking testimony or receiving any other evidence, the County Judge dismissed the petition. The foregoing is claimed to have deprived plaintiffs of their civil rights in that defendant and the Judge failed to comply with the procedural requirements of CPLR article 70; that plaintiff Muka, the relator (not an attorney admitted to practice in this State), was denied her right to be heard; and that various officials failed to insist that the Judge comply with the statutory procedures for habeas corpus applications. The same officials are also accused of having conspired to cause the Greene County District Attorney to absent himself from the hearing, to prevent plaintiff Muka from being permitted to speak and to obstruct her efforts to obtain a transcript of the hearing. Plaintiffs demand damages of $5 billion on each of their four causes of action. ¶ We agree with Special Term's dismissal of the complaint. Under New York rules of procedure, conclusory averments of wrongdoing are insufficient to sustain a complaint unless supported by allegations of ultimate facts (*Melito v Interboro-Mutual Ind. Ins. Co.,* 73 AD2d 819, 820; *Taylor v State of New York,* 36 AD2d 878; *King v Commerical Ins. Co.,* 27 AD2d 620, 621). The Federal courts apply the same requirements to complaints in civil rights actions under title 42 of the United States Code (*Koch v Yunich,* 533 F2d 80, 85; *Holloway v Carey,* 482 F Supp 551,

553-554). Apart from the dubious validity of the complaint's allegations insofar as they might have given rise to actionable claims individually against the Greene County Judge, Sheriff, District Attorney and their respective staffs, here, the only defendant plaintiffs sued is the County of Greene. That unit of government cannot be held responsible for acts or omissions of its employees (even assuming that the foregoing elected officials could be considered such employees) unless the deprivations were in execution of some governmental policy or custom (*Monell v New York City Dept. of Social Servs.*, 436 US 658, 691-694). Giving plaintiffs' complaint the benefit of every favorable inference, there does not appear to be any factual averment that the alleged conduct of those various officials was pursuant to any policy or custom adopted by Greene County. Merely alleging in conclusory fashion that such policy or custom existed will not suffice. The order of dismissal should, therefore, be affirmed. ¶ Order affirmed, with costs. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.