OPINION OF THE COURT
Martin B. Stecher, J.
Defendant moves pursuant to CPLR 4101 and 4102 to strike plaintiff’s demand for a jury trial.
In April 1980, plaintiff, then nearly 60 years of age, was discharged by the defendant after 23 years of employment. Plaintiff brought this action in April 1981 under four theories of liability: (1) wrongful discharge, (2) prima facie tort, (3) intentional infliction of emotional distress, and (4) breach of duty of fair dealing.
*808 In July 1981, defendant moved to dismiss plaintiffs complaint and in October 1981, plaintiff amended his complaint to include a claim for age discrimination under New York Executive Law § 297 (9). In February 1982, decisions in this court and the Appellate Division, First Department, resulted in dismissal of the entire amended complaint. (See, 112 Misc 2d 507, mod 88 AD2d 870, mod 58 NY2d 293.) The Court of Appeals reinstated plaintiff’s claim for age discrimination. Plaintiff alleges that his dismissal was the culmination of harassment and abuse by defendant’s chief financial officer, Robert Blunt, because plaintiff would not adhere to improper accounting procedures and because of his age. Plaintiff’s amended complaint seeks money damages only. In plaintiff’s bill of particulars he seeks damages which include salaries he was deprived of while working for defendant and loss of wages accruing after his dismissal ("front-end” pay).
Defendant contends that plaintiff’s complaint implicitly incorporates a demand for reinstatement in that his prayer for relief includes "such other and further relief as to this Court seems just and proper”. Additionally, in plaintiff’s amended bill of particulars he requests "front-end” pay until age 79. Defendant characterizes these requests as, respectively, implicit and express demands for reinstatement which are considered equitable relief and as such do not entitle plaintiff to a jury trial. The defendant contends that an age discrimination claim is in itself an equitable claim. Defendant cites Federal case law to support its argument that "front-end” pay is in the nature of equitable relief and should not be tried by a jury. However, there is no clear line of authority for this proposition. Some courts have classified "front-end” pay as an issue to be decided by a jury while still others have termed this type of relief as "equitable” and have restricted the issue to trial before the court (Brenimer v Great W. Sugar Co., 567 F Supp 218; Ventura v Federal Life Ins. Co., 571 F Supp 48).
Age discrimination in employment is, generally, "an unlawful discriminatory practice” (Executive Law § 296 [1] [a]) which may be remedied administratively (Executive Law § 297 [1]) or by an action (Executive Law § 297 [9]). The remedies available include "requiring such respondent to take such affirmative action, including * * * hiring, reinstatement or upgrading of employees” (Executive Law § 297 [4] [c]).
The fact that plaintiff may be seeking money damages only is not dispositive. The right to a jury trial is not based alone on what the plaintiff demands but upon a complaint which *809 "demands and sets forth facts which would permit a judgment for a sum of money only” (CPLR 4101 [1]; emphasis supplied). Indeed, "the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded” (CPLR 3017 [a]). Given the public policy underlying the nondiscrimination statute, the provision of such nonmonetary equitable relief as reinstatement (in more traditional terms, a mandatory injunction) is an always present possibility.
The availability of and potential for such relief mandate that the jury demand be stricken (Kaplan v Long Is. Univ., 116 AD2d 508).
Settle order granting the motion.