JOSEPH MURPHY, Appellant, v AMERICAN HOME PRODUCTS CORPORATION, Respondent.

First Department, July 10, 1990

---

**APPEARANCES OF COUNSEL**

*Steve S. Efron* for appellant.

*David R. Jewell* of counsel *(Richard J. DeMarco, Jr.,* and

*Alison S. Berger* with him on the brief; *Donovan Leisure Newton & Irvine,* attorneys), for respondent.

**OPINION OF THE COURT**

Ross, J. P.

Before us, the question is whether the trial court abused its discretion, by granting defendant's application to limit the testimony of plaintiff's witness, concerning the issue of age discrimination.

American Home Products Corporation (American Home) is a diversified Missouri corporation engaged in, *inter alia,* the manufacture and sale of pharmaceuticals, household items, and food products.

Between 1957 and April 17, 1980, American Home employed Mr. Joseph Murphy as a full-time employee, in various accounting capacities, as follows: 1957 to 1969, as assistant to the comptroller of American Home; 1969 to 1976, as vice-president and treasurer of Ayerst International, Inc., which is a subsidiary of American Home; 1976 to 1977, as assistant to the comptroller of American Home; and 1977 to April 17, 1980, as assistant treasurer to American Home. According to the records of American Home, on April 17, 1980 it discharged Mr. Murphy, then over 59 years of age, after more than 22 years of employment, for "Lack of adaptability".

In April 1981, Mr. Murphy (plaintiff) commenced an action against American Home (defendant) by serving a summons describing the action as one "to recover damages for defendant's wrongful and malicious termination of plaintiff's employment", in the Supreme Court, New York County. Thereafter, plaintiff served defendant with another summons, a complaint, and, finally, in October 1981, with an amended complaint.

Plaintiff alleged, in substance, in the amended complaint, that defendant discharged him because of his age, and in retaliation for his disclosure of alleged financial improprieties, and account manipulation of defendant's corporate personnel. The amended complaint asserted five causes of action for wrongful or abusive discharge, prima facie tort, intentional infliction of emotional distress, breach of an at-will contract of employment, and age discrimination. Defendant's motion to dismiss the amended complaint was granted, as to all of the causes of action, except the one for age discrimination *(Murphy v American Home Prods. Corp.,* 112 Misc 2d 507 [Sup Ct,

NY County 1982], *mod* 88 AD2d 870 [1st Dept 1982], *mod* 58 NY2d 293 [1983]).

Following completion of discovery, defendant moved to strike plaintiff's demand for a jury trial. While the trial court granted defendant's motion, we reversed, and denied same *(Murphy v American Home Prods. Corp.,* 134 Misc 2d 807 [Sup Ct, NY County 1986], *revd* 136 AD2d 229 [1st Dept 1988]).

A 10-day trial was held in November 1988, and the jury returned a verdict in favor of defendant.

At trial, the plaintiff's evidence in support of his claim of age discrimination consisted of the testimony of the plaintiff, and the very limited testimony of Mr. Thomas M. Lalicki.

Plaintiff testified, in substance, that in 1974, Mr. Robert Blount, then 35 years of age, joined defendant, as its vice-president for finance and treasurer; shortly thereafter, at Mr. Blount's invitation, plaintiff had lunch with him; during that luncheon, plaintiff informed Mr. Blount that he would like to be considered a candidate for the positions of comptroller and treasurer, which plaintiff knew to be vacant; Mr. Blount expressed surprise, stating "I don't want any of you old guys in there * * * I am holding these jobs for my own people"; and, according to plaintiff, Mr. Blount "just slapped the idea down. He said I was too old". When the luncheon took place, plaintiff was 54 years of age.

Further, plaintiff testified that, in 1976, he was transferred to Mr. Blount's department, as assistant to the comptroller, and, since plaintiff considered the transfer a demotion, he discussed it with Mr. Blount, who, *inter alia,* "said what age are you [plaintiff] now. I said, whatever it was, 56. He said that gives you nine more years. He said that will keep you busy for nine years".

In 1977, plaintiff testified that, as soon as Mr. Blount learned that plaintiff had communicated with a senior executive of defendant without his knowledge, Mr. Blount became angry, and he said to plaintiff, as he had on several other occasions, when he was displeased, "if you were ten years younger I could just get rid of you".

Finally, plaintiff testified that, in August 1979, while attending a retirement party for a Mr. Durbin Woolford, who was in his early sixties, plaintiff overheard Mr. Blount say "that the older guys having these parties for people retiring would have been much more efficient if * * * instead of one party for one

person [there was] one party for a group of [persons who were retiring]".

In his testimony, Mr. Blount contended that the reason he fired plaintiff in April 1980 was due to plaintiff's continued practice of communicating with senior executives of defendant without Mr. Blount's knowledge, even though Mr. Blount told plaintiff to discontinue that practice.

In order to indicate to the jury the biased state of mind and attitude of Mr. Blount toward older employees of defendant, plaintiff called Mr. Lalicki, a retired employee, as a witness. Defendant objected upon the ground of prejudice, and plaintiff made an offer of proof indicating that Mr. Lalicki's testimony primarily concerned his own encounters with Mr. Blount, in which Mr. Blount expressed a preference for younger employees. The trial court granted defendant's motion to the extent of only permitting Mr. Lalicki to testify about Mr. Blount's remarks concerning older workers, made at the 1979 retirement party, mentioned *supra*.

After the verdict, plaintiff moved to set it aside and for a new trial, upon the ground that the trial court erred in limiting Mr. Lalicki's testimony, and the trial court denied same.

In an age discrimination case, it is well-established law that plaintiff has the burden of proving the age was the determining factor, and that, but for the employer's intent to practice age discrimination, the plaintiff would not have been fired *(Ioele v Alden Press,* 145 AD2d 29, 34 [1st Dept 1989]; *Pena v Brattleboro Retreat,* 702 F2d 322, 323 [2d Cir 1983]).

The plaintiff's burden is difficult, since employers, who engage in age discrimination, usually do not openly admit such discrimination, but rather try to conceal it. Therefore, invariably the plaintiff has the additional burden of demonstrating the employer's articulated reason for the discharge, such as disobedience of work rules, was merely a pretext for age discrimination *(Texas Dept. of Community Affairs v Burdine,* 450 US 248, 252-253 [1981]). Courts often note that "[d]iscrimination today is rarely so obvious, or its practices so overt that recognition of the fact is instant and conclusive" *(State Div. of Human Rights v Kilian Mfg. Corp.,* 35 NY2d 201, 209 [1974]; *Belanoff v Grayson,* 98 AD2d 353, 356 [1st Dept 1984]).

We find it instructive that Federal appellate courts have repeatedly found relevant evidence indicating discriminatory

treatment by the employer of employees, other than the plaintiff, since such evidence is highly probative of the employer's actual state of mind *(Krieger v Gold Bond Bldg. Prods.,* 863 F2d 1091, 1096-1097 [2d Cir 1988]; *Rose v National Cash Register Corp.,* 703 F2d 225, 227 [6th Cir 1983], *cert denied* 464 US 939 [1983]).

Our examination of the plaintiff's offer of proof concerning Mr. Lalicki's intended testimony about his personal experience with Mr. Blount's discriminatory attitude toward older employees indicates same would have been relevant evidence in support of plaintiff's age discrimination claim, and should have been heard by the jury.

Specifically, Mr. Lalicki was prepared to testify that, while employed by defendant, he had a meeting "with Mr. Blount in which he asked Mr. Blount for a transfer to a different department still within Mr. Blount's jurisdiction * * * which he [Mr. Lalicki] felt was more suitable to him and offered him better opportunities for promotion and in response to which Mr. Blount told him * * * that that particular area * * * he [Mr. Blount] was reserving for his elite young core and he was not going to transfer * * * older fellers *[sic]* to this type of responsibility".

In *Ioele v Alden Press (supra,* at 36), we held that a plaintiff can show that the employer's reason for his discharge was merely a pretext, and that the true reason for his discharge was impermissible discrimination. Since the repeated discriminatory comments by Mr. Blount are at the very core of plaintiff's case, plaintiff must be permitted to offer such relevant and germane evidence, which supports plaintiff's position. Accordingly, the jury should have been permitted to hear Mr. Lalicki's testimony relative to Mr. Blount's age discrimination remarks. The jury could conclude from remarks such as his "elite young core" and "older fellers *[sic]*" and "old timers", and "I don't want any old people in there", that it was Mr. Blount's policy to judge employees based on their age.

The defendant, in its summation, mounted a strong attack on plaintiff's testimony as self-serving and the product of a failing memory, and further, "Mr. Murphy is the star, indeed, almost the only witness in his case", and "[B]ear in mind *Joe Murphy is his own entire case"* (emphasis supplied). It was the court's erroneous ruling, restricting Mr. Lalicki's testimony, that permitted defendant to argue that plaintiff's case was built on the imagination of an embittered man with a failing memory. This denied the plaintiff a fair trial.

Further, "[u]nder the particular circumstances of this case, we cannot say, as a matter of law, that [this incident referred to in Mr. Lalicki's proposed testimony was] so remote * * * that the potential for prejudice outweighed the probative value of this evidence on the issue [of age discrimination]" *(Matter of Brandon,* 55 NY2d 206, 214 [1982]).

The Court of Appeals stated, in *Feldsberg v Nitschke* (49 NY2d 636, 643 [1980]), that: "A trial court is not without power to ensure the orderly and fair administration of justice merely because a particular item of evidence is technically admissible. Although there exist general rules . for the conduct of trials, deviation from these rules may be necessary to fit the circumstances of a particular case. Indeed, the power to permit deviation is an integral part of the Trial Judge's function. * * * This power to control the case necessarily is of a discretionary nature, and its exercise is not reviewable save for a clear abuse of discretion (see Richardson, Evidence [10th ed—Prince], § 459, pp 449-450)" (underscoring supplied).

Applying the legal authority, *supra,* to the facts of the instant case, we find that the trial court abused its discretion by excluding from the jury's consideration the proposed testimony of Mr. Lalicki concerning Mr. Blount's hostile attitude toward older employees. The testimony of Mr. Lalicki was highly relevant, and in prohibiting such testimony the trial court severely impeded plaintiff's ability to prove his case.

Accordingly, order and judgment (one paper), Supreme Court, New York County (Richard D. Rosenbloom, J., with a jury), entered March 22, 1989, which, after a jury trial, found in favor of defendant, dismissing the complaint, and denying plaintiff's motion to set aside the verdict and for a new trial, is unanimously reversed, on the law, and on the facts, judgment vacated, complaint reinstated, and the matter remanded for a new trial, with costs to abide the event.

CARRO, WALLACH and RUBIN, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered on March 22, 1989, unanimously reversed, on the law, and on the facts, the judgment vacated, the complaint reinstated, and the matter remanded for a new trial, with $250 costs and disbursements to abide the event.