■ MORRIS WEINER, Respondent, v CATALDO, WATERS & GRIFFITH ARCHITECTS, P. C., Appellant. [607 NYS2d 163] —Mercure, J. Appeal from that part of an order of the Supreme Court (Harris, J.), entered February 10, 1993 in Albany County, which partially denied defendant's motion for summary judgment dismissing the complaint.

It is undisputed that plaintiff, then 71 years old, commenced employment with defendant on October 3, 1988, as a drafter. Initially, he was treated as an independent contractor and no taxes were withheld from his salary or forwarded to the State or Federal taxing authorities. Effective June 21, 1989, however, plaintiff was transferred to defendant's regular payroll at a reduced hourly rate; thereafter, all applicable taxes were deducted from his earnings. Plaintiff was discharged in December 1989.

Plaintiff commenced this action to recover damages, *inter alia,* pursuant to Executive Law article 15 for his alleged wrongful discharge on account of age and for 1988 and 1989 FICA taxes in the amount of $2,907 that plaintiff alleges he was required to pay as a result of defendant's failure to do so. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion with respect to the claims stated above and defendant appeals.

Initially, we conclude that Supreme Court erred in denying defendant's motion with regard to the age discrimination cause of action. In addition to the uncontroverted evidence that plaintiff was in a protected age group, was discharged

and was qualified for the position, plaintiff was required to either (1) show that he was replaced by a younger person, (2) produce direct evidence of discriminatory intent, or (3) produce statistical evidence of discriminatory conduct *(see, Ashker v International Bus. Machs. Corp.,* 168 AD2d 724, 725; *Brown v General Elec. Co.,* 144 AD2d 746, 748; *Mayer v Manton Cork Corp.,* 126 AD2d 526). In this he failed. First, the record reveals that defendant did not hire anyone to replace plaintiff. Although defendant did hire a younger person, Geoffrey Holodook, in August 1989 as a drafter and project manager, there is no evidence to support the suggestion that Holodook "assumed" any of plaintiff's responsibilities *(see, Ashker v International Bus. Machs. Corp., supra,* at 725-726). To the contrary, defendant came forward with competent proof that plaintiff's termination coincided with the completion of the project he had been working on and that his duties were eliminated at that time. Second, there is no competent evidence of discriminatory intent. A co-worker's accusation concerning plaintiff's "screwing up" in connection with a job and the statement that he "was a baby when [plaintiff was] doing architecture work", even if discriminatory, cannot impose liability upon defendant in the absence of evidence that defendant encouraged, condoned or approved of the conduct *(see, Matter of State Div. of Human Rights v St. Elizabeth's Hosp.,* 66 NY2d 684, 687). The statement of one of defendant's principals that plaintiff always had his head down is simply not evidence of discrimination and, at worst, constitutes a mere "stray remark" insufficient to avoid summary judgment *(see, Chappell v GTE Prods. Corp.,* 803 F2d 261, 268, *cert denied* 480 US 919). Third, plaintiff's claimed statistical evidence of discriminatory conduct constitutes nothing more than "conjecture and speculation" *(see, e.g., supra),* and the 1988-1989 statistical sample period, involving fewer than 10 employees, was too small to be probative in any event *(see, Haskell v Kaman Corp.,* 743 F2d 113, 121).

Turning to the second cause of action, we agree with Supreme Court's denial of defendant's motion with respect to the claim for the employer's portion of FICA taxes that plaintiff was required to pay. Regardless of the agreement between plaintiff and defendant, if sufficient indicia of control existed, a question that cannot be resolved on this record, plaintiff was an "employee" for Federal tax withholding purposes *(see, 26 USC § 3102 et seq.;* Revenue Ruling 87-41 [1987-1, Cum Bull 286]) and defendant was liable for the employer's share of FICA taxes.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing plaintiff's first cause of action; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.