KAREN L. ANTHONY, Respondent, v JAMES J. NEMEC, Doing Business as JAMES J. NEMEC, GENERAL AGENT—NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Appellant. [638 NYS2d 529] —Casey, J.

Plaintiff, a former employee of defendant, commenced this action to recover damages pursuant to the Human Rights Law (Executive Law § 296), alleging that in terminating plaintiff's employment defendant discriminated against her because of her gender. In particular, plaintiff claims that defendant terminated plaintiff's employment because plaintiff was a woman of childbearing age who had expressed her intention to become pregnant and take maternity leave.

Among the elements plaintiff must establish to make out a prima facie case of discrimination is a showing that the

termination of her employment occurred under circumstances which give rise to an inference of unlawful discrimination (*see, Sogg v American Airlines*, 193 AD2d 153, 156, *lv dismissed* 83 NY2d 846, *lv denied* 83 NY2d 754). The inference may be drawn from direct evidence, from statistical evidence or from the fact that the position was filled by a person not in the same protected class.* Supreme Court concluded that the termination of plaintiff's employment approximately one week after she returned to work following a miscarriage and informed defendant of her intention to become pregnant again in the near future created an inference of unlawful discrimination. Assuming that the inference is reasonable, we are of the view that it was rebutted by defendant's undisputed evidence that he filled the position with another woman of childbearing age who subsequently became pregnant and whose position was held open for her return while she was on maternity leave.

As in *Weiner v Cataldo, Waters & Griffith Architects* (200 AD2d 942, 943), "there is no competent evidence of discriminatory intent". Plaintiff alleges in her complaint that defendant "was unhappy and dissatisfied in dealing with and having a pregnant female as an employee or a female employee who would become pregnant and have to go out on maternity leave". The sole support for this allegation is plaintiff's claim that a co-worker told her of a conversation the co-worker had with defendant, in which defendant allegedly expressed displeasure upon learning of plaintiff's initial pregnancy that ended in a miscarriage. The co-worker stated in her affidavit that she did not recall either the conversation with defendant or the conversation with plaintiff. The co-worker also stated that she had never witnessed defendant expressing the unhappiness or dissatisfaction alleged by plaintiff and that she had no reason to believe that defendant would not have allowed pregnant women to continue in their employment. A second co-worker, who was plaintiff's immediate supervisor, stated in her affidavit that plaintiff was not fired because of her intention to become pregnant again, and that defendant employed and worked with several women who had or were starting families and was always accommodating to their needs.

Plaintiff also claims that the employment of two pregnant women was terminated before she was hired. There is ample evidence in the record, however, to demonstrate that one of the employees was fired for reasons unrelated to pregnancy and that defendant neither hired nor fired the other employee.

---

* For the purposes of this appeal we will assume that women of childbearing age constitute a protected class.

In any event, as statistical evidence, the two incidents are patently insufficient and constitute nothing more than conjecture and speculation (see, *Weiner v Cataldo, Waters & Griffith Architects, supra*, at 943).

In the absence of sufficient evidence, either direct or indirect, to demonstrate that the termination of plaintiff's employment occurred under circumstances which give rise to an inference of unlawful discrimination, defendant's motion for summary judgment should have been granted (see, *supra*).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed.