■ Margaret Vanscoy, Appellant, v Namic USA Corporation, Respondent. [650 NYS2d 877] —Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered July 24, 1995 in Saratoga County, which granted defendant's motion to dismiss the complaint for failure to state a cause of action.

In June 1986, plaintiff was hired by defendant to work as a junior assembler and, by January 1990, was promoted to group leader of the warehouse. Although plaintiff's annual reviews from her supervisor, Bob Gagne, were favorable, a need for improvement in her attitude was noted in both her 1992 and

1993 evaluations. In June 1993, John Sprott, the night-shift supervisor, replaced Gagne as plaintiff's supervisor. Plaintiff contended that even before Sprott replaced Gagne, her relationship with him was contentious. Due to his continued attitude toward her, which included a refusal to advise her on work-related matters, she went to the Human Resources Department who advised her to talk to Sprott personally. Plaintiff contends that such effort proved to be fruitless.

Two days thereafter, on October 5, 1993, plaintiff was accused of violating defendant's rules by discarding "stock issues" which tell warehouse employees what items are needed from the manufacturing floor to put the products together. Contending that they were duplicates and that she was told to discard them, plaintiff refused to sign a written warning handed down for inappropriate work performance and the failure to follow standard procedure. Plaintiff again went to the Human Resources Department, this time to contest the issuance of the warning. After its investigation, plaintiff was found to have negligently discarded the stock issues. Finding her conduct unbecoming to a group leader, plaintiff was terminated on October 12, 1993.

Plaintiff commenced this action on December 23, 1994 alleging that she was fired as a result of age and sex discrimination. After joinder, defendant moved, pursuant to CPLR 3211 (a) (7), to dismiss the complaint for failure to state a cause of action. In opposition thereto, plaintiff contended that her complaint sufficiently pleaded viable causes of action under the Human Rights Law and the Federal Civil Rights Act of 1964. Supreme Court granted defendant's motion to dismiss, finding that the complaint contained conclusory allegations and was factually deficient. The court further found that plaintiff failed to allege that defendant had knowledge of Sprott's activities or had acquiesced in his conduct, and that plaintiff failed to exhaust her administrative remedies. Plaintiff now appeals.*

It is beyond cavil that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions [or] occurrences * * * intended to be proved and the material elements of each cause of action or defense" (CPLR 3013). "Under New York rules of procedure, conclusory averments of wrongdoing are insufficient to sustain a com-

---

* Notwithstanding the notice of appeal, plaintiff does not raise in her appellate brief a challenge to Supreme Court's dismissal of her claim under the Federal Civil Rights Act of 1964 for the failure to exhaust administrative remedies. We accordingly find such claim abandoned (*see, Brahm v Hatch*, 169 AD2d 263, 265, n 1).

plaint unless supported by allegations of ultimate facts" (*Muka v Greene County*, 101 AD2d 965, *lv denied* 63 NY2d 610; *see, Melito v Interboro-Mutual Indem. Ins. Co.*, 73 AD2d 819, 820).

In so reviewing plaintiff's first cause of action alleging sex discrimination, we note that it alleges that Sprott, "while acting as an agent, servant and employee" of defendant, began to "arbitrarily find fault with and pick on [her] in a discriminatory manner". It further alleges that he devised a scheme to achieve her termination which included the filing of "false, made up, [and] discriminatory" complaints to not only the warehouse manager but also the Human Resources Department. Concluding that "Sprott's wrongful and discriminatory conduct * * * was aided, abetted and condoned" by defendant, plaintiff alleges that she was wrongfully terminated on the basis of her sex.

Construing these allegations in a light most favorable to plaintiff (*see, Antico v Richmond Hous. Assocs.*, 196 AD2d 853; *World Wide Adj. Bur. v Gordon Co.*, 111 AD2d 98) and noting that "[t]he doctrine of *respondeat superior* is not applicable in cases involving sex discrimination * * * [unless] the complaint * * * allege[s] that the employer had knowledge or acquiesced in the discriminatory conduct of a supervisor or co-worker" (*Hart v Sullivan*, 84 AD2d 865, 866 [citation omitted], *affd* 55 NY2d 1011; *see, Matter of State Univ. v State Human Rights Appeal Bd.*, 81 AD2d 688, *affd* 55 NY2d 896; *State Div. of Human Rights v Henderson*, 49 AD2d 1026), we agree with Supreme Court that these allegations are wholly unsupported and conclusory. Lacking factual specificity from which we could devise a viable cause of action under Executive Law § 296, dismissal was warranted (*see, Muka v Greene County, supra; Melito v Interboro-Mutual Indem. Ins. Co., supra*).

We reach a similar conclusion with respect to the second cause of action alleging age discrimination. Asserting that she was a qualified 39-year-old woman replaced by an "unnamed younger male", without more, is insufficient in light of defendant's continued assertion that she was discharged for her poor attitude and her breach of its rules (*see, Matter of Laverack & Haines v New York State Div. of Human Rights*, 88 NY2d 734; *Hall v Paladino*, 210 AD2d 595, *appeal dismissed* 85 NY2d 923; *Weiner v Cataldo, Waters & Griffith Architects*, 200 AD2d 942; *Kipper v Doron Precision Sys.*, 194 AD2d 855; *Ioele v Alden Press*, 145 AD2d 29; *cf., Ashker v International Bus. Machs. Corp.*, 168 AD2d 724; *Murphy v American Home Prods. Corp.*, 159 AD2d 46).

Even after viewing plaintiff's affidavits and documentary

proof to determine whether they could cure these blatant deficiencies (*see, Marraccini v Bertelsmann Music Group*, 221 AD2d 95), we conclude that Supreme Court appropriately dismissed the complaint. Finding plaintiff's remaining contentions meritless, we hereby affirm the order of Supreme Court.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.