■ ROBERT N. SCHUTZ, Appellant, v FINKELSTEIN, BRUCKMAN, WOHL, MOST & ROTHMAN, et al., Respondents. [712 NYS2d 606] —In an action, *inter alia*, to recover damages pursuant to Executive Law § 296 for age discrimination, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Winslow, J.), entered July 5, 1999, as, upon a jury verdict, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff, Robert N. Schutz, an attorney, sued his former employer, the law firm of Finkelstein, Bruckman, Wohl, Most & Rothman, as well as its equity partners (hereinafter collectively the law firm), to recover damages for alleged age discrimination after the law firm fired him when he was 60 years old. The law firm maintained, that at the time of the plaintiff's termination, staffing constraints at the law firm necessitated that an attorney with more litigation experience be hired in place of the plaintiff.

Contrary to the plaintiff's claim, the second question on the

verdict sheet did not unfairly increase his burden of proof by asking whether he possessed the qualifications necessary for the position required by the employer at the time of his discharge. "Whether job performance was satisfactory depends on the employer's criteria for the performance of the job—not the standards that may seem reasonable to the jury or judge" (*Thornley v Penton Publ.*, 104 F3d 26, 29). The evidence supports a finding that the plaintiff's dismissal was not a pretext for discrimination (*see, Anthony v Nemec*, 225 AD2d 883; *Bockino v Metropolitan Transp. Auth.*, 224 AD2d 471). Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.