■ George Melissakis et al., Respondents, v Proto Construction & Development Corp., Appellant, et al., Defendant. [741 NYS2d 731] —In an action, inter alia, to recover damages for violation of Labor Law § 220, the defendant Proto Construction & Development Corp. appeals from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated March 29, 2001, as denied those branches of its motion pursuant to CPLR 3211 (a) (7) which were to dismiss the causes of action to recover damages for fraud and breach of contract, and to recover in quantum meruit and for counsel fees, insofar as asserted against it.

Ordered that the order is modified by deleting the provisions thereof denying those branches of the motion which were to dismiss the causes of action to recover damages for fraud and to recover in quantum meruit and for counsel fees, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contention, the Supreme Court properly held that "the complaint adequately states a cause of action [to recover damages] for breach of contract" (*see Wright v Wright Stucco,* 50 NY2d 837; *Fata v Healy Co.,* 289 NY 401; *Samborski v Linear Abatement Corp.,* 1998 WL 474069 [US Dist Ct, SD NY, Chin, J., 96 Civ 1405]; *Pesantez v Boyle Envtl. Servs.,* 251 AD2d 11). However, the Supreme Court erred in

denying those branches of the motion which were to dismiss the causes of action alleging fraud, and to recover in quantum meruit and for counsel fees. Since the plaintiffs allege that there is a specific contract provision governing the very subject matter for which they seek to recover in quantum meruit, there can be no recovery in quantum meruit (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382; *Tako Holdings v Tillman,* 272 AD2d 394; *Gary Powell, Inc. v Mendel Borg Group,* 237 AD2d 407; *Aviv Constr. v Antiquarium, Ltd.,* 259 AD2d 445). With respect to the fraud allegations, "[t]he courts of this State have consistently held * * * that a cause of action for fraud does not arise when the only alleged fraud relates to a breach of contract" (*Metropolitan Transp. Auth. v Triumph Adv. Prods.,* 116 AD2d 526, 527; *see also Krantz v Chateau Stores of Canada,* 256 AD2d 186; *Spellman v Columbia Manicure Mfg. Co.,* 111 AD2d 320). Here, the claimed fraud directly relates to the alleged breach of contract.

Finally, the plaintiffs did not cite any statute or provision of the underlying contract which would permit recovery of counsel fees against the appellant (*see Marotta v Blau,* 241 AD2d 664; *Bibeau v Ward,* 228 AD2d 943). Prudenti, P.J., Santucci, S. Miller and Friedmann, JJ., concur.