■ James E. Lynch et al., Appellants, v Upper Crust, Inc., et al., Respondents. [743 NYS2d 17] —Order, Supreme Court, New York County (Paula Omansky, J.), entered March 26, 2001, which, in an action to recover unpaid wages under Labor Law §§ 190-199 and various common-law theories, granted the motion of defendants employer and its principal (herein collectively referred to as respondent) to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to reinstate the causes of action for breach of third-party beneficiary contract, unjust enrichment and conversion, and otherwise affirmed, without costs.

Plaintiffs are former employees of respondent, which provided catering services to defendants bank and its successor (herein, the bank) pursuant to a written contract under which either party could terminate on 60 days' written notice. Respondent and the bank entered into a written termination agreement providing for the bank's payment to respondent of a two-month management fee of $16,666.66, "in lieu of the termination notice," plus "the sum equal to 60 days of full-time salaries, wages and applicable benefits," plus $1,000 "in out placement fees for each full-time employee." Shortly thereafter, respondent sent an invoice to the bank in the amount of $175,644.52 representing charges for the two-month period following execution of the termination agreement, including the management fee, salaries, payroll tax, health insurance and a paycheck processing fee for each employee. The bank responded with a check for $121,576.25 enclosed in a letter explaining that the invoice was inflated in that it reflected 60 "working days" of salaries, wages and benefits, whereas the "intent of the agreement was to provide your staff * * * sixty calendar days * * * of salaries and wages and applicable benefits." Respondent has not paid any of its employees for the two-month period, claiming that they did not work during those months and, since they had no contract, were at-will employees.

The motion court improperly converted aspects of respondent's motion to dismiss the action for failure to state a cause of action into a motion for summary judgment, which was granted in favor of all of defendants including the non-moving

bank. In this regard, we take particular note of the court's rejection of plaintiffs' third-party beneficiary claim upon a finding that the termination agreement and the bank's cover letter reciting that plaintiffs were to receive 60 days' payment reflected the bank's intent to reimburse respondent for the expenses it incurred during what would have been the 60-day notice period. There was no affidavit from the bank explaining its intent, and even if there were the court's finding would have been premature (see, Rovello v Orofino Realty Co., 40 NY2d 633). The complaint states a cause of action in alleging that a portion of the money to be paid under respondent's termination agreement with the bank was intended to go to plaintiffs (see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38, 44). Respondent's withholding of this money also makes out causes of action for unjust enrichment (see, Simonds v Simonds, 45 NY2d 233, 242) and conversion (see, Ahles v Aztec Enters., 120 AD2d 903, 903-904). However, the causes of action under the Labor Law, for breach of a direct oral contract between plaintiffs and respondent and for fraud, were properly dismissed, the allegations pertinent thereto being too vague and conclusory to give proper notice of the transactions and occurrences intended to be proved (CPLR 3013, 3016 [b]; see, O'Riordan v Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn., 95 AD2d 800, lv denied 60 NY2d 559). Nor is there merit to plaintiffs' claim for punitive damages.

The motion court dismissed the complaint against the non-moving bank, which has not submitted a brief on this appeal. Although relief is not ordinarily granted to parties that do not seek it, there is simply no viable theory of recovery stated against the bank. Accordingly, we do not disturb that portion of the order which dismissed the bank from the action, but remind all defendants that the bank is to make its employees available for third-party discovery. Clearly, the intentions of the bank with regard to the terms of the settlement agreement are essential to determining whether the plaintiffs' claims are viable. Concur—Williams, P.J., Tom, Mazzarelli, Andrias and Friedman, JJ.