■ ISRAEL MALDONADO et al., Appellants, v OLYMPIA MECHANICAL PIPING & HEATING CORP. et al., Respondents. [777 NYS2d 730]—

In an action, inter alia, to recover damages for violations of Labor Law § 220, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated March 31, 2003, as granted those branches of the motion of the defendant Olympia Mechanical Piping & Heating Corp. which were pursuant to CPLR 3211 (a) (7) to dismiss the second through fifth causes of action in the complaint insofar as asserted against it for failure to state a cause of action, and denied their cross application for leave to serve a second amended complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the cross application and substituting therefor a provision granting the cross application; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiffs' time to serve a second amended complaint is extended until 30 days after service upon them of a copy of this decision and order.

The plaintiffs are former employees of the defendant Olympia Mechanical Piping & Heating Corp. (hereinafter Olympia), a New York corporation engaged in the construction business. They commenced this action to recover unpaid wages and supplemental benefits which Olympia allegedly owes them for work performed on various public works projects. They alleged that Olympia had paid them less than the prevailing rate of wages to which they were entitled pursuant to Labor Law § 220. Insofar as is relevant to the instant appeal, the plaintiffs asserted causes of action against Olympia sounding in breach of contract, quantum meruit, and unjust enrichment. Olympia successfully moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action. The Supreme Court also denied the plaintiffs' request for leave to serve a second amended complaint. On appeal by the plaintiffs, we modify the order by granting the plaintiffs' cross application for leave to serve a second amended complaint.

It is well settled that a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7)

"must be denied if from the pleadings' four corners 'factual allegations are discerned which taken together manifest any cause of action cognizable at law' " (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "[T]he court must accept as true the facts alleged in the pleading and submissions in opposition to the motion, and accord the plaintiff the benefit of every possible favorable inference" (*Kevin Spence & Sons, Inc. v Boar's Head Provisions Co.*, 5 AD3d 352 [2004]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co., supra* at 152). Additionally, the court may consider any affidavits submitted by the plaintiff to remedy any defects in the complaint (*see Well v Yeshiva Rambam*, 300 AD2d 580 [2002]; *Auguston v Spry*, 282 AD2d 489 [2001]).

The workers protected by Labor Law § 220 are third-party beneficiaries of the contract between their employer and the municipality, and they possess a cause of action against their employer to recover damages for breach of contract when the contract between the employer and the municipality expressly provides for the wages to be paid to such workers (*see Fata v Healy Co.*, 289 NY 401 [1943]; *Melissakis v Proto Constr. & Dev. Corp.*, 294 AD2d 342 [2002]; *Pesantez v Boyle Envtl. Servs.*, 251 AD2d 11 [1998]). However, "[i]n order to plead a breach of contract cause of action, a complaint must allege the provisions of the contract upon which the claim is based . . . The pleadings must be sufficiently particular to give the court and [the] parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved as well as the material elements of each cause of action or defense" (*Atkinson v Mobil Oil Corp.*, 205 AD2d 719, 720 [1994] [internal quotation marks omitted]; *see Rattenni v Cerreta*, 285 AD2d 636, 637 [2001]; *Lynch v Upper Crust*, 294 AD2d 237, 238 [2002]; *Muka v Greene County*, 101 AD2d 965 [1984]; *Vanscoy v Namic USA Corp.*, 234 AD2d 680, 681 [1996]). In the instant case, the Supreme Court properly granted that branch of Olympia's motion which was to dismiss the plaintiffs' cause of action alleging breach of contract where the plaintiffs did not identify the contracts that Olympia allegedly breached. Similarly, the Supreme Court properly granted that branch of Olympia's motion which was to dismiss the plaintiffs' causes of action sounding in quantum meruit and to recover damages for unjust enrichment (*see Melissakis v Proto Constr. & Dev. Corp., supra* at 343; *Bettan v Geico Gen. Ins. Co.*, 296 AD2d 469, 470 [2002]). The Supreme Court also properly dismissed the cause of action based on a suretyship since it was derivative of the other, dismissed causes of action (*see Paisley v Coin Device Corp.*, 5

AD3d 748 [2004]; *Renzler v D.F. White, Inc.*, 267 AD2d 443 [1999]).

In light of the lack of prejudice to Olympia and the possible merit to the plaintiffs' claims, however, we conclude that the Supreme Court improvidently exercised its discretion in denying the plaintiffs' cross application for leave to serve a second amended complaint (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957 [1983]; *Dal Youn Chung v Farberov*, 285 AD2d 524 [2001]). Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.