CHRISTOPHER STENNETT, Appellant, v MOVEWAY TRANSFER & STORAGE, INC., Respondent. [949 NYS2d 91]—

In determining a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7), the pleading must be afforded a liberal construction, and the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see First Keystone Consultants, Inc. v DDR Constr. Servs.*, 74 AD3d 1135, 1136 [2010]). The first cause of action in the amended complaint includes both statutory and common-law causes of action. Here, accepting the facts alleged in the amended complaint as true, and according the plaintiff the benefit of every favorable inference, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss, for failure to state a cause of action, the statutory cause of action alleging that the defendant failed to pay the plaintiff the prevailing wage in violation of Labor Law § 231, which requires every contractor that employs building service workers under a contract with a public agency to pay the prevailing wage to all service employees who are subject to or covered by such a contract. The Labor Law contains an administrative enforcement mechanism for violations of section 231 (*see* Labor Law § 235) and the plaintiff has no private right of action to recover damages for the underpayment of wages in violation of that section until a final administrative determination has been made (*see* Labor Law § 235 [6]; *cf. Winsch v Esposito Bldg. Specialty, Inc.*, 48 AD3d 558 [2008]; *Marren v Ludlam*, 14 AD3d 667 [2005]; *Pesantez v Boyle Envtl. Servs.*, 251 AD2d 11 [1998]). Since the amended complaint contains no allegation that such an administrative determination was sought or made, the Supreme Court correctly granted that branch of the defendant's motion which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the statutory cause of action.

However, the Supreme Court erred in granting that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the common-law cause of action alleging breach of contract. In situations where the Labor Law requires the inclusion of a provision for payment of the prevailing wage in a labor contract between a public agency and a contractor, a contractual obligation is created in favor of the contractor's employees, and an employee covered by or subject to the contract, in his or her status as third-party beneficiary to the contract, possesses a common-law cause of action against the contractor to recover

damages for breach of such a contractual obligation (*see Cox v NAP Constr. Co., Inc.*, 10 NY3d 592 [2008]; *Wright v Wright Stucco*, 50 NY2d 837 [1980]; *Maldonado v Olympia Mech. Piping & Heating Corp.*, 8 AD3d 348 [2004]; *Melissakis v Proto Constr. & Dev. Corp.*, 294 AD2d 342 [2002]). Here, the plaintiff alleged that the defendant failed to pay him the prevailing wage in breach of five municipal contracts, each of which was specifically described by identification number and government agency, and all of which included prevailing wage provisions pursuant to Labor Law § 231. Contrary to the defendant's contention, the allegations were sufficiently specific to allege common-law breach of contract (*see Wright v Wright Stucco*, 50 NY2d at 839; *Melissakis v Proto Constr. & Dev. Corp.*, 294 AD2d at 342; *cf. Maldonado v Olympia Mech. Piping & Heating Corp.*, 8 AD3d at 348). Thus, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the common-law breach of contract cause of action.

Further, the Supreme Court erred in granting that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action, which alleged that the defendant failed to pay overtime wages in violation of the Minimum Wage Act (Labor Law art 19), and applicable regulations. Contrary to the defendant's contention, such a cause of action is not dependent upon the viability of a statutory cause of action pursuant to Labor Law § 231, which is codified in article 9 of the Labor Law, and a Labor Law article 19 cause of action does not fail as a consequence of the dismissal of a Labor Law § 231 cause of action. Rather, the second cause of action in the amended complaint is premised upon the minimum wage directives set forth in 12 NYCRR 142-2.2, which were promulgated by the New York State Commissioner of Labor pursuant to authority vested in the Commissioner by Labor Law article 19 (*see Ballard v Community Home Care Referral Serv.*, 264 AD2d 747, 747-748 [1999]). An employee may commence a civil action to recover wages to which he or she is entitled under article 19 of the Labor Law, and, unlike a Labor Law § 231 cause of action, there is no requirement that an employee exhaust his or her administrative remedies prior to commencement of an action alleging a violation of Labor Law article 19 (*see* Labor Law § 663 [1], [3]). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action in the amended complaint. Angiolillo, J.P., Florio, Belen and Chambers, JJ., concur.