OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be - reversed, without costs, and the matter remitted for further proceedings.
We agree with the Appellate Division that complainants, former employees of Better Brands, Inc., established a prima facie showing that they had been subject to employment discrimination by Miller based upon their age. The Appellate Division erred, however, in holding that Miller failed to rebut the presumption of discrimination. Establishment of the prima facie case by complainants shifted the burden to Miller to rebut the presumption of discrimination by clearly setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision. (Matter of Pace Coll, v Commission of Human Rights, 38 NY2d 28, 38; Texas Dept. of Community Affairs v Burdine, 450 US 248, 254-256.)
An examination of the record indicates that the general sales manager of Better Brands, who also had the responsibility for the selection of former Better Brands’ employees for employment, had articulated legitimate, independent and non *939 discriminatory reasons to support the decision not to hire complainants. Specifically, the general sales manager testified: "The only directive that I received was to pick the strongest proficient people with * * * merchandising skills and techniques * * * I utilized my personal knowledge and the knowledge of my sales managers on those that were aggressive and ambitious, strong merchandisers that had demonstrated their ability to merchandise over the last twelve, fourteen months.” Thus, the record contains evidence that Miller’s employment decision was predicated upon lawful business considerations of merchandising proficiency, aggressiveness, and experience, which the Division of Human Rights improperly declined to weigh against the prima facie case of employment discrimination. Accordingly, this matter should be remitted to the Division of Human Rights to afford complainants the "opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.” (Texas Dept. of Community Affairs v Burdine, 450 US 248, 253, supra, citing McDonnell Douglas Corp. v Green, 411 US 792, 804.)
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, without costs, and matter remitted to the Appellate Division, Second Department, with directions to remand to the State Division of Human Rights for further proceedings in accordance with the memorandum herein.