■ RUDY J. MAYER, Respondent, v MANTON CORK CORPORATION, Appellant.—In an action pursuant to Executive Law § 296 to recover damages for age discrimination in employment, the defendant appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), entered December 19, 1985, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

In order to make out a prima facie case of age discrimination, the plaintiff must (1) demonstrate that he was a member of the protected class; (2) prove that he was discharged; (3) prove that he was qualified for the position he held; and (4) either (a) show that he was replaced by a person younger than himself; (b) produce direct evidence of discriminatory intent; or (c) produce statistical evidence of discriminatory conduct. Such a showing raises an inference of discrimination which serves to shift the burden to the defendant to produce evidence that the plaintiff's discharge was founded on valid business reasons which were independent of age considerations *(see, McDonnell Douglas Corp. v Green,* 411 US 792; *Moore v Sears, Roebuck & Co.,* 464 F Supp 357, 363; *Deutsch v Carl Zeiss, Inc.,* 529 F Supp 215; *see also, Hill v Westchester Aeronautical Corp.,* 112 AD2d 977).

Bearing in mind that " 'discrimination is rarely so obvious or its practices so overt that recognition of it is instant and conclusive, it being accomplished usually by devious and subtle means' " *(Matter of New York City Bd. of Educ. v Batista,* 54 NY2d 379, 383), we find that the affidavits submitted by the plaintiff in opposition to the defendant's motion for summary judgment made out a prima facie case of age discrimination. The plaintiff established that: (1) the plaintiff is a member of the protected class, (2) that he was discharged, (3) that he was qualified for the position held, and (4) that he was replaced by a younger person.

For the defendant to succeed on its motion for summary judgment, it had the burden of setting forth evidentiary facts to establish its defense sufficiently to entitle it to judgment as a matter of law. Here, the defendant submitted an affidavit by

its vice-president and chief financial officer in which it was claimed that the plaintiff's discharge was based on a valid and necessary business judgment. The affiant claimed that the defendant was discharged because of an economic slow down and the plaintiff's uncooperative behavior. That affidavit alleging a valid nondiscriminatory reason for terminating the plaintiff's employment does not entitle the defendant to judgment as a matter of law. It simply creates an issue of fact which must be resolved at trial, especially in light of the plaintiff's evidence that he had been employed for 13 years and had received high praise from this very same individual. Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.