■ ALAN KEITH, Appellant, v CARRIER INTERNATIONAL CORPORATION et al., Respondents.—Judgment unanimously modified on the law, in accordance with memorandum, and new trial granted on defendants' counterclaim and as modified affirmed without costs. Memorandum: In this age discrimination suit alleging a violation of Executive Law § 296, the trial court properly granted defendants' motion pursuant to CPLR 4401 for judgment dismissing plaintiff's complaint. Plaintiff failed to meet his burden to rebut defendants' evidence that the alleged discriminatory action was taken for legitimate business reasons as part of a valid corporate reorganization plan *(see, Texas Dept. of Community Affairs v Burdine,* 450 US 248; *McDonnell Douglas Corp. v Green,* 411 US 792).

The court erred, however, in granting judgment to defendants on their counterclaim for conversion. On that cause of action, the evidence raised questions of fact which should have been submitted to the jury.

During his employment by defendants, plaintiff was eligible to receive stock options. In February 1981 he was granted the option to buy 1,404 shares at $35.875 per share. Under the terms of the plan prospectus, plaintiff's eligibility to exercise the option required that he be an employee at the time of vesting, i.e., three years from the grant of the option. In December 1983, plaintiff, who was then no longer an employee, received notice from defendants that he had the right to exercise the option. Plaintiff paid the required amount and was issued the shares of stock, which subsequently he sold on the open market at a profit.

Defendants' counterclaim alleges that the notice to plaintiff that he had a right to exercise the option resulted from computer error and that after the error was discovered, defendants' demand that plaintiff return the shares of stock was refused.

Although plaintiff admitted to knowledge of the plan's

vesting provisions, it remains a question of fact on this record whether defendants authorized the purchase of the stock by plaintiff. Thus, it cannot be said as a matter of law that plaintiff wrongfully converted defendants' property *(see, Boyce v Brockway,* 31 NY 490; *General Elec. Co. v American Export Isbrandtsen Lines,* 37 AD2d 959; *Parkway Mgt. Co. v Wolfson,* 32 AD2d 306, *affd* 28 NY2d 634, *rearg denied* 28 NY2d 994). (Appeal from judgment of Supreme Court, Onondaga County, Murphy, J.—age discrimination.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.