■ Everett P. Brown, Appellant, v General Electric Company, Respondent.—Casey, J. Appeal from an order and judgment of the Supreme Court (Ford, J.), entered December 21, 1987 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was employed by defendant since 1955. From 1980 until 1982 plaintiff held the level 14 position of manager of the Division of Information Systems at defendant's Silicone Products Division (hereinafter GE-Silicone). In March 1982, plaintiff was advised that this position was being upgraded to a level 15, but that he would not be considered as a candidate for the upgraded position. However, plaintiff was also informed that an attempt would be made to find him suitable employment in another component and if that effort was unavailing plaintiff would be placed in a lack-of-work situation. Thereafter, plaintiff was offered a level 12, newly created position of sales development specialist at defendant's Information Services Company (hereinafter GEISCO). Having consulted with three GEISCO supervisors, plaintiff accepted the position at GEISCO in September 1982 in the Core Services District in the Albany area at an annual salary of $51,000, the same salary plaintiff had previously earned at GE-Silicone.

During his indoctrination period for this position, plaintiff reviewed and now relies on defendant's Organization and Policy Guide, specifically No. 7-32, subdivision VI (C), which states: "Long service employees deserve special consideration

in a reduction in force situation. Every attempt must be made by the employee's manager and Employee Relations to identify, within the first 30 days of Notification Period, a 'suitable placement' or a 'Best Possible Offer' ". In October 1984, GEISCO almost entirely eliminated the Core Services District, in which plaintiff was employed, as part of a major reorganization. Plaintiff received notice of the reduction in force and was advised that every possible effort would be made to comply with the above-quoted provision of the policy guide. Following reorganization only two technical employees were left in the Core Services District. Plaintiff's position was eliminated and he was not replaced. A "Best Possible Offer" (hereinafter BPO) was not located within the 30-day period following plaintiff's notification of reduction in force. Although a professional recruiter was hired by GEISCO to assist employees placed on lack-of-work status, and although plaintiff continued his interest in a BPO and submitted a list of positions for which he desired to be considered, plaintiff was notified in June 1985 that "no BPO existed in GEISCO in the Albany area". Plaintiff applied for four positions in departments other than GEISCO, all of which were promotional in nature, but he was not hired. At the time of his discharge plaintiff was 55 years old. In this action plaintiff alleges, *inter alia*, breach of employment contract based on defendant's violation of its policy guide and a violation of Executive Law § 296, based on the termination of employment due to his age. Defendant's motion for summary judgment dismissing the complaint was granted by Supreme Court. Plaintiff appeals only from the dismissal of the two causes of action relating to the allegations stated above.

The law is well settled that "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party" *(Sabetay v Sterling Drug,* 69 NY2d 329, 333; *see also, O'Connor v Eastman Kodak Co.,* 65 NY2d 724, 725). However, the presumption that an unwritten employment relationship is a hiring at will may be rebutted if plaintiff establishes an implied contract cause of action demonstrating a limitation on the employer's right to discharge by plaintiff's being made aware at the time the employment was commenced of a written policy of limitation on the employer's right to discharge, and plaintiff relied on the "termination only for cause" limitation in accepting the employment *(see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 465-466; *Dicocco v Capital Area Community Health Plan,* 135 AD2d 308, 310).

Here, plaintiff has not made the required showing *(cf., Sabetay v Sterling Drug, supra).* The only statement made by plaintiff in opposition to the motion to dismiss his implied contract cause of action is that the GEISCO reduction in force policy states that employees with over 20 years of service should receive "special consideration" and that defendant must make every attempt to try and find a "suitable placement" or BPO within 30 days after the initial layoff notification. Plaintiff has not asserted that he was induced to leave other employment and admits that he did not review Policy Guide No. 7-32 until after he had accepted employment at GEISCO *(see, Lapidus v New York City Ch. of N. Y. State Assn. for Retarded Children,* 118 AD2d 122). Having failed to establish the elements required to trigger the exception of *Weiner v McGraw-Hill (supra),* no factual issues have been presented which would require trial resolution and Supreme Court properly dismissed plaintiff's cause of action based on breach of implied contract of employment.

We further find plaintiff's cause of action based on a violation of Executive Law § 296 (3-a) (a) to be legally insufficient. Where plaintiff has failed to demonstrate that he was replaced by a younger person or to produce statistical evidence of discriminatory conduct, he is required to demonstrate evidence of discriminatory intent *(see, Mayer v Manton Cork Corp.,* 126 AD2d 526) in order to counter defendant's motion. Defendant has submitted affidavits claiming that plaintiff's termination was for legitimate business reasons as part of a valid corporate reorganization *(see, Keith v Carrier Intl. Corp.,* 132 AD2d 926, *lv denied* 70 NY2d 613). Defendant also submitted affidavits asserting that plaintiff was not qualified for any of the four promotional positions for which he applied. Therefore, the burden shifts to plaintiff to prove by a preponderance of evidence that defendant's proffered reasons were merely a pretext for discrimination *(see, Matter of Miller Brewing Co. v State Div. of Human Rights,* 66 NY2d 937, 939). The only showing in this regard by plaintiff is contained in his complaint in which he alleges that he was discharged from employment in September 1985 and that his employment was "terminated * * * because of his age, in violation of Section 296 of the Executive Law". Detailed factual support for such a general conclusory allegation is lacking and, therefore, it is insufficient to defeat defendant's motion for summary judgment *(see, Porter v Callahan,* 125 AD2d 891, 892; *cf., Lapidus v New York City Ch. of N. Y. State Assn. for Retarded Children,* 118 AD2d 122, *supra).* The order and judgment appealed from should therefore be affirmed.

Order and judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.