■ GARY STEWART, Respondent, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered April 25, 1989, which denied defendant-appellant's motion for summary judgment, unanimously reversed, on the law, the motion granted, and the complaint dismissed, without costs.

Upon review of the record herein, we find that plaintiff-respondent has failed to establish a prima facie case of racial discrimination by defendant-appellant. Respondent's allegations, even if true, merely show that he submitted a number of unsolicited applications to appellant seeking an unspecified permanent position, but was not hired by appellant. Respondent's papers do not show that he was qualified for a job for which IBM was seeking applicants and that he was rejected despite his qualifications, two essential elements of an employment discrimination suit (McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973]; Ioele v Alden Press, 145 AD2d 29, 35 [1st Dept 1989]). Nor has he raised any triable issue by coming

forward with evidentiary facts to rebut appellant's contention that he was not hired because there were no available positions for a person of his education and experience at the times he applied.

On June 8, 1987, appellant appeared, without an appointment, at respondent's central employment office and demanded "to speak to somebody in personnel." According to respondent's deposition testimony, he was wearing black jogging pants, a sport shirt and sneakers at the time. Nevertheless, he was interviewed by a senior recruiting specialist who determined that respondent lacked the education, skills and job experience necessary for appellant's marketing or systems engineering work.

Appellant submitted uncontroverted evidence that in 1987 it received over 9,000 employment applications for 47 administrative positions. The record also supports appellant's contention that respondent had "a checkered job history", lacked the verbal and technical skills as well as "the professional demeanor required even for an entry level position." Inasmuch as respondent has not established a prima facie case of employment discrimination and as appellant has amply demonstrated that there were legitimate business reasons for rejecting his applications, appellant was entitled to summary judgment as a matter of law *(Brown v General Elec. Co.,* 144 AD2d 746, 748 [3d Dept 1988]; *Keith v Carrier Intl. Corp.,* 132 AD2d 926 [4th Dept 1987], *lv denied* 70 NY2d 613). Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.