Joseph CAMILLO, Plaintiff,

v.

The COCA–COLA BOTTLING COMPANY OF NEW YORK, INC., Defendant.

No. 89–CV–763.

United States District Court, N.D. New York.

Oct. 4, 1991.

Parisi, DeLorenzo, Gordon, Pasquariello & Weiskopf, P.C. (Thomas E. DeLorenzo, of counsel), Schenectady, N.Y., for plaintiff.

Schmeltzer, Aptaker & Shepard, P.C. (Ira Michael Shepard, of counsel), Washington, D.C., and O'Connell & Aronowitz (Jeffrey D. Honeywell, of counsel), Albany, N.Y., for defendant.

## MEMORANDUM DECISION & ORDER

McAVOY, District Judge.

This case comes before the court upon Defendant, The Coca–Cola Bottling Company of New York, Inc.'s (hereinafter referred to as Defendant) renewed motion for summary judgment. Since Plaintiff, Joseph Camillo (hereinafter referred to as Plaintiff) has failed to preserve his federal age discrimination claim by filing a charge with the Equal Employment Opportunity Commission, the only claim pending before the court is under the New York State Human Rights Law, *McKinney's Consolidated Laws of New York*, Executive Law, sections 290–301, vol. 18.

As will be explained below, the court finds that Plaintiff has presented a prima facie case of age discrimination under New York State Law. However, the court also finds that Defendant has set forth a legitimate and independent, non-discriminatory reason to support its employment decision.

Plaintiff has set forth no facts which tend to show that Defendant's legitimate nondiscriminatory reason was pretextual. Accordingly, the court finds that there are no genuine issues of material fact to be decided.

## FACTS

Plaintiff worked as an employee of the Coca–Cola Company from 1961 until August 15, 1988, at which time he was 48 years of age. He became Defendant's employee in October of 1987 upon Defendant's purchase of the Upstate New York operation. Plaintiff was a Food Service Manager at the time of his termination and his direct supervisor was Peter Osik, the Albany Branch Area Food Service Manager. Mr. Osik's direct supervisor was Robert Emhoff, the Vice President of Food Service, who was based in Greenwich, Connecticut. At the time of Plaintiff's termination, the Albany Branch Manager was Ed Esposito. Although Mr. Esposito had no direct supervisory authority over the Albany Food Service Operation, he was the individual who ultimately discharged Plaintiff on August 15, 1988.

Mr. Esposito initially stated that he did not know why Plaintiff was being released. Plaintiff contends that Mr. Esposito later informed him that the Company was looking for aggressive men, and as the conversation progressed, that Plaintiff was being let go because the Company was looking for "young", aggressive men. Although Defendant does not deny Mr. Esposito's statement, it argues that Mr. Esposito informed Plaintiff that the decision to discharge him was made by Michael Crane, the Upstate Region Vice–President, and that Mr. Esposito had nothing to do with that determination.

Plaintiff points to other comments made prior to his discharge as support for his position. Comments such as: "We are looking for young people who are educated"; and, "Since 1985, many young, aggressive men have been added to the distributor ranks"[1]. Furthermore, Mr. Espo-

---

1. This comment is found in an article about the New Windsor branch contained in an April, 1988 Coca–Cola of New York newsletter.

sito purportedly made a statement at a manager's luncheon meeting that Plaintiff and another manager were "good candidates for severance". Although Mr. Esposito did not remember making this statement, the court accepts Plaintiff's allegation.

Finally, Plaintiff alleges that at the time Defendant took over the Albany branch, there were a total of ten managers, three of whom were discharged by Mr. Esposito. These individuals, Thomas Trombley, Plaintiff and Alvin Zempko, were ages 31, 48 and 50, respectively. Plaintiff points to this, along with the fact that there are presently ten managers at the Albany branch, as support for his position.

Soon after its purchase of the Upstate operations, Defendant examined ways to streamline the organization in order to reduce costs and increase profitability and efficiency. As part of this process, the Albany production facility was closed and all production operations for the Upstate region were handled by the Hartford, Connecticut plant. This shift in operations resulted in the lay-off of 25–35 employees. Further consolidation efforts took place in the Accounts Payable and Cost Accounting Departments, again resulting in lay-offs.

Messrs. Crane and Emhoff were responsible for analyzing the Upstate Food Service operation. At that time, the Syracuse Branch, which was also part of the Upstate operation, had one Food Service manager. Under consideration was the necessity of having two Food Service managers in Albany in light of the reorganization of the Upstate Region. Plaintiff and Peter Osik were the two managers in Albany. Defendant concluded that in order to streamline the Upstate Food Service operations, Albany and Syracuse would each need only one Food Service manager. Mr. Osik was retained over Plaintiff because Mr. Osik had been in charge of the entire Albany Food Service operation. Defendant maintains that Plaintiff's discharge had nothing to do with his age, but rather was due to the corporate restructuring.

## DISCUSSION

On this motion for summary judgment it is Defendant's burden to demonstrate that there are no genuine issues of material fact. The substantive law determines which facts are material, and an issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) The court's function is not to weigh the facts but to merely make this determination.

In order to establish a prima facie case of age discrimination under New York State Law, Plaintiff must show: (1) that he was a member of the class protected by the statute, (2) that he was discharged, (3) that he was qualified to hold the position, and (4) either (a) show that he was replaced by a younger person, (b) present direct evidence of discriminatory intent or, (c) present statistical evidence of discriminatory conduct. *See Ashker v. International Business Machines*, 168 A.D.2d 724, 563 N.Y.S.2d 572 (3d Dept.1990); *Ioele v. Alden Press, Inc.*, 145 A.D.2d 29, 536 N.Y.S.2d 1000 (1st Dept.1989); *Mayer v. Manton Cork Corporation*, 126 A.D.2d 526, 510 N.Y.S.2d 649 (2d Dept.1987).

There is no indication of any dispute over the first three elements. Plaintiff was qualified for his position, he was a member of the class protected by statute, and he was discharged. However, Defendant contends that: (a) Plaintiff was not replaced by a younger person, (b) there is no direct evidence of discriminatory intent and, (c) there is no statistical evidence of discriminatory conduct. Plaintiff was not replaced by a younger person. Therefore, the court need only determine whether there exists direct or statistical evidence to make out a prima facie case.

Although disputed by Defendant, Plaintiff alleges that Mr. Esposito informed him that he was being discharged because the Company was looking for young, aggressive people. Defendant contends that Mr. Esposito played no part in the decision to discharge Plaintiff and, therefore, his

statement is not direct evidence of discriminatory intent.

Plaintiff argues that the fact that Mr. Esposito may have played no role in the decision to terminate him is irrelevant. He cites *Hagelthorn v. Kennecott Corp.*, 710 F.2d 76 (2d Cir.1983) as support for its position. Indeed, the facts in *Hagelthorn* are similar in that the employee who made the statement was not the employee who made the decision. Although *Hagelthorn* involved a claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, the court finds it sufficiently similar to apply to the present case. The court notes, however, that the statement made in *Hagelthorn* unequivocally indicated that age was a deciding factor. The court feels that in circumstances such as the present one, direct evidence of age discrimination is difficult to find. Therefore, in deciding whether a Plaintiff has presented a prima facie case the court should liberally interpret the requirements of the fourth element.

While there is a question whether Mr. Esposito made this statement, it is not within the court's power to make such a determination on a motion for summary judgment. Therefore, the court finds that Plaintiff's allegation regarding the statement made by Mr. Esposito is sufficient to satisfy the fourth element of a prima facie case of age discrimination.[2]

Plaintiff has presented a prima facie case. Therefore, the court must apply the shifting burden formula enunciated by the United States Supreme Court in *McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). (See *Ioele, supra;* and *Matter of Miller Brewing Co. v. State Div. of Human Rights*, 66 N.Y.2d 937, 498 N.Y.S.2d 776, 489 N.E.2d 745 (1985)). This places the burden on Defendant to "rebut the presumption of discrimination by clearly setting forth, through the introduction of admissable evidence, legitimate independent, and nondiscriminatory reasons to support its employment decision [citations omitted]", *Matter of Miller Brewing Co.*, 66 N.Y.2d at 938, 498 N.Y.S.2d at 777, 489 N.E.2d at 746. Once Defendant makes such a showing, the presumption created by the prima facie case disappears and the burden shifts back to Plaintiff to "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* at 939, 498 N.Y.S.2d at 778, 489 N.E.2d at 747.

■ Defendant has presented substantial evidence of corporate restructuring following its acquisition of the Upstate operation. Included in this restructuring was a shift of Plaintiff's responsibilities to his former supervisor, Mr. Osik. Such corporate restructuring constitutes an independent and legitimate justification for discharging an employee sufficient to rebut the presumption of a prima facie case. *See Brown v. General Electric*, 144 A.D.2d 746, 534 N.Y.S.2d 743 (3d Dept.1988); *Keith v. Carrier International Corp.*, 132 A.D.2d 926, 518 N.Y.S.2d 261 (4th Dept. 1987), *appeal denied*, 70 N.Y.2d 613, 524 N.Y.S.2d 431, 519 N.E.2d 342 (1987).

■ Plaintiff argues that this is merely a pretext for age discrimination. The court recognizes that although Plaintiff must show by a preponderance that such a justification is merely a pretext, he need not demonstrate that such proffered reasons are false. He must only show that age made a difference in the decision. *Hagelthorn, supra* at 82. However, Plaintiff has presented no such evidence.

Plaintiff points to the fact that approximately one year after his discharge Defendant transferred Plaintiff's former duties to a new employee, Roger Allen. Facially, this fact might make Defendant's actions suspect. However, upon closer examina-

---

**2.** The court notes the significance of the context in which this remark was made. It was allegedly made by the individual who discharged Plaintiff and, during that conversation. The court questions whether the comments referred to by Plaintiff are "direct evidence" of age discrimination. Simply because an employer is recruiting young people does not mean that the converse is true; i.e. that it is discharging older employees. At best these statements might be circumstantial evidence, however, the court need not address that issue.

tion the court finds that Mr. Allen is older than Plaintiff, and he has more seniority with the Company.

The remainder of Plaintiff's argument attacks the wisdom of Defendant's decision to discharge him. He argues that the Albany Branch is much larger than the Syracuse Branch and that just prior to his discharge Plaintiff was so busy that overtime and weekend hours were common. This, Plaintiff contends, taken in conjunction with the comments referred to above, creates a question of fact dictating the denial of summary judgment. The court disagrees.

Whether Defendant's stated reasons for Plaintiff's discharge are pretextual is clearly a material fact under the substantive law of this case. However, even viewing the evidence in a light most favorable to Plaintiff, the court finds that there is no genuine issue as to Defendant's reasons for discharging Plaintiff. Plaintiff has only come forward with a few isolated remarks made by Defendant's employees. This evidence in no way indicates that Defendant's articulated reasons were merely a pretext for age discrimination.

Therefore, the court hereby grants Defendant's motion for summary judgment, dismissing Plaintiff's cause of action.

IT IS SO ORDERED.