■ Joseph J. Wozniak, Appellant, v Components Assembly Division, Inc., et al., Respondents. [632 NYS2d 718] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Rose, J.), entered August 30, 1994 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint.

Hired by defendant in 1987 as a second-shift supervisor, plaintiff served in that capacity until February 1991 when, as a result of the elimination of the second shift, his position was abolished, and he was discharged. At that time, the other employees in the department—direct line workers, group leaders, and inspectors—were offered positions on the first shift, but

plaintiff was not similarly favored, a disparity he attributes to the fact that he suffers from Crohn's disease (an inflammatory condition of the intestine). Pointing to his 1990 surgery for this ailment, which allegedly cost defendant approximately $75,000, plaintiff contends that his termination was motivated by defendant's desire to limit potential future costs associated with long-term leave and medical benefits, and constituted illegal discrimination on the basis of disability (*see*, Executive Law § 296 [1] [a]; *cf.*, *State Div. of Human Rights v Xerox Corp.*, 65 NY2d 213, 218). Supreme Court granted defendant's motion for summary judgment dismissing the complaint, and plaintiff appeals.

In support of its motion for summary judgment, and to counter plaintiff's averments that he was the only person on the second shift with a disability, and also the only one not offered an opportunity to transfer to a different position within the company when the shift was eliminated, defendant submitted the deposition testimony of Wendell Mead, its vice-president, as well as those of plaintiff and other employees. This testimony discloses that consolidation of the shifts was necessitated by external economic factors (*see*, *Manning v Norton Co.*, 189 AD2d 971, 972), that the one remaining supervisory position was filled by the first-shift supervisor, who had many more years of experience and seniority than plaintiff, and that plaintiff was not qualified to perform the other available jobs, for he had not completed the required three-week training program.

Defendant having shown that it had a facially valid, independent and nondiscriminatory reason for the questioned conduct, the burden shifted to plaintiff to raise a question of fact with respect to whether the claimed reason for his termination is, in reality, merely a pretext for illegal discrimination (*see*, *Rabideau v Albany Med. Ctr. Hosp.*, 195 AD2d 923, 926; *cf.*, *Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937, 939). To that end, however, plaintiff proffers only conclusory allegations that he was qualified to perform direct line work, or could become able to do so with "minimal" training. Supreme Court rightly found that defendant's refusal to provide that training—the need for which is totally unrelated to plaintiff's disability—furnishes no basis for recovery, particularly where, as here, there is no indication that such training was offered to other, similarly situated employees (*compare*, *Sogg v American Airlines*, 193 AD2d 153, 159, *lv denied* 83 NY2d 754, *lv dismissed* 83 NY2d 846). Noteworthy in this regard is Mead's uncontroverted testimony

that the first-shift supervisor's prior request that she be "cross trained" had also been denied, for the same reasons as had plaintiff's request. In view of plaintiff's admission that he had not completed the pertinent training nor performed direct line work for any significant period of time, neither his unsubstantiated assertion that he was qualified to do so, nor the fact that defendant's management had previously expressed concern generally about the high costs associated with its long-term disability plan, is sufficient to preclude summary judgment (*see, Brown v General Elec. Co.,* 144 AD2d 746, 748; *cf., Ioele v Alden Press,* 145 AD2d 29, 36).

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.