■ NICHOLAS BOCKINO, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [638 NYS2d 137] —In an action pursuant to Executive Law § 296 to recover damages and for equitable relief as a result of age discrimination in employment, the plaintiff appeals from (1) a decision of the Supreme Court, Nassau County (Yachnin, J.), dated November 29, 1994, which determined that the complaint should be dismissed, and (2) a judgment of the same court, entered January 10, 1995, which, after a nonjury trial, is in favor of the defendants and against him dismissing the complaint with prejudice.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff, the former Director of Maintenance Operations for the defendant Metropolitan Suburban Bus Authority (hereinafter MSBA), was 61 years old when he was given the option of resigning or being discharged during a restructuring of MSBA management. Pursuant to his request, he was permitted to utilize his accrued vacation and benefit time so that he could retire with an MSBA pension. The individual appointed to succeed the plaintiff was 38 years old. The plaintiff subsequently commenced this age discrimination action against the defendants.

Contrary to the plaintiff's contention, the Supreme Court acted properly in striking his demand for a jury trial (the plaintiff's appeal from the order which struck his demand for a jury trial was dismissed by decision and order on motion of this Court dated September 26, 1994, without prejudice to his seeking review of the issues raised by the order on his appeal from the judgment). "The rule is fundamental that where a plaintiff seeks legal and equitable relief in respect of the same wrong, *his* right to trial by jury is lost" *(Di Menna v Cooper &*

*Evans Co.,* 220 NY 391, 396). Since the plaintiff sought both monetary damages and equitable relief in the form of a judgment setting aside his retirement and reinstating him to his former position, he was not entitled to a jury trial *(see, Hausner v Mendelow,* 198 AD2d 210; *Zimmer-Masiello, Inc. v Zimmer, Inc.,* 164 AD2d 845).

Similarly unavailing is the plaintiff's contention that the trial court erred in determining that the defendants successfully rebutted his evidence of age discrimination. "In order to make out a prima facie case of age discrimination, the plaintiff must (1) demonstrate that he was a member of the protected class; (2) prove that he was discharged; (3) prove that he was qualified for the position he held; and (4) either (a) show that he was replaced by a person younger than himself; (b) produce direct evidence of discriminatory intent; or (c) produce statistical evidence of discriminatory conduct" *(Mayer v Manton Cork Corp.,* 126 AD2d 526). The trial court accurately found that the plaintiff met this burden and thereby "raise[d] an inference of discrimination which serve[d] to shift the burden to the defendant[s] to produce evidence that the [employment decision] was founded on valid business reasons which were independent of age considerations" *(Mayer v Manton Cork Corp., supra,* at 526; *see, McDonnell Douglas Corp. v Green,* 411 US 792; *Moore v Sears, Roebuck & Co.,* 464 F Supp 357, 363). The defendants were thus required to articulate some legitimate, independent, and nondiscriminatory reason for the plaintiff's forced retirement *(see, Texas Dept. of Community Affairs v Burdine,* 450 US 248, 254-256; *Matter of Miller Brewing Co. v State Div. of Human Rights,* 66 NY2d 937, 938; *Matter of Pace Coll. v Commission of Human Rights,* 38 NY2d 28, 38). Of course, " '[t]he ultimate burden of persuading the trier of fact that the defendant[s] intentionally discriminated against the plaintiff remain[ed] at all times with the plaintiff' " *(St. Mary's Honor Ctr. v Hicks,* 509 US 502, 517, quoting *Texas Dept. of Community Affairs v Burdine, supra,* at 253), who was obligated "to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant[s] were not [their] true reasons, but were a pretext for discrimination" *(Texas Dept. of Community Affairs v Burdine, supra,* at 253).

On the present record, we discern no basis for disturbing the trial court's determination that the defendants rebutted the plaintiff's prima facie case of age discrimination and that the plaintiff failed to demonstrate that the legitimate reasons advanced by the defendants were merely pretextual. Indeed, the individual who was the General Manager of the MSBA

during the period in question testified that he was hired, *inter alia,* to remedy serious deficiencies in the management of the MSBA's maintenance operations after an independent consultant had prepared an extensive and highly critical report detailing problems in the MSBA. To this end, the General Manager interviewed the plaintiff, but found that the plaintiff failed to make any suggestions to correct the problems set forth in the report, claimed that the problems were overstated, and blamed uncooperative union employees and the poor condition of the maintenance facilities for the problems. The General Manager also inspected various maintenance facilities, most of which he found to be in poor condition, and spoke with the managers who operated them. One of these facility managers operated an efficient and organized repair facility, presented the General Manager with sound and specific suggestions for improving operations, and exhibited a high degree of professional competence. Accordingly, the General Manager testified that he replaced the plaintiff with the aforementioned facility manager for these reasons. Although the plaintiff responded by coming forward with prior favorable evaluations of his job performance, the objectivity of these evaluations was called into question. Given the foregoing circumstances, we are unable to say that the trial court's conclusion could not have been reached upon any fair interpretation of the evidence *(see, Thoreson v Penthouse Intl.,* 80 NY2d 490, 495; *Barclay's Bank v Heady Elec. Co.,* 212 AD2d 749). Balletta, J. P., Miller, O'Brien, and Sullivan, JJ., concur.