■ In the Matter of AT&T COMMUNICATIONS, INC., Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [640 NYS2d 75] —Upon transfer of this proceeding to this Court pursuant to Executive Law § 298 by order of Supreme Court, New York County (Walter B. Tolub, J.), entered December 7, 1994, the petition challenging the order of respondent Commissioner of the State Division of Human Rights, dated October 6, 1994, which, *inter alia*, determined that petitioner had discriminated against respondent Figueroa on the basis of sex, in violation of the Human Rights Law, and directed petitioner to pay said respondent $76,961 in gross back pay with interest, plus $30,000 in compensatory damages, is unanimously granted and the Commissioner's order is annulled, without costs.

Petitioner announced ten openings for the position of Associ-

ate Engineer in June 1984. Respondent Figueroa (the female complainant), who had been employed by petitioner since 1963 and had the requisite experience for the position, applied for one of the openings. Ten male employees, all junior to Figueroa, were nominated by the operations manager from Figueroa's work area, Mr. Varone (who was not Figueroa's immediate rating supervisor).

Ironically, none of the employees nominated by Mr. Varone were appointed to the positions in question. Of the ten who were appointed (from other work sections), six were male and four were female, and only one (a male) was junior in service to Figueroa.

In order to establish a prima facie case of gender bias, the complainant must prove that "she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination" (*Texas Dept. of Community Affairs v Burdine*, 450 US 248, 253). Once such a case is established, the burden shifts to the employer to overcome the presumption of discrimination by proving a legitimate, independent and nondiscriminatory reason for the complainant's rejection (*Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937, 938). If the employer can offer a legally sufficient explanation, then the complainant still bears the burden of persuading the trier of facts that her rejection on the proffered ground was pretextual (*Texas Dept. of Community Affairs v Burdine, supra*, at 254-256).

Figueroa filed a complaint in September 1984, charging Varone and the employer with sex discrimination. Public hearings were not held until nine years later, during which period Figueroa continued to work for petitioner. Respondent Commissioner ultimately ruled that petitioner "ignored [Figueroa]'s seniority, which was a crucial qualification for [this] promotion". But in so ruling, the Commissioner had to reach the conclusion that Figueroa's inferior rating (in comparison with the employees who had made Varone's list) was irrelevant because the "job announcement lacked any reference to an overall rating requirement."

The collective bargaining agreement provided that seniority would govern promotional opportunities, "if all other qualifications of the individuals being considered are determined by the Company to be substantially equal." Of the ten appointees on the list, six had an overall employment rating of "outstanding" and four were rated "more than satisfactory." Figueroa had received a "satisfactory" appraisal from her supervisor, Mr.

Page, in the spring of 1982. A year later, working in a new position, she was rated "more than outstanding" by her new supervisor, Mr. Diaz. She then rotated back to a group headed by her old supervisor, who evaluated her work as simply "satisfactory" in April 1984. (Due to administrative problems—Mr. Page's temporary transfer to another location—Figueroa was not notified of this crucial rating until July, after the announcement and selection of the new appointees.) There was no rational basis for drawing the conclusion that performance ratings were irrelevant in this selection process.

The Commissioner's ruling that because of Figueroa's seniority, petitioner was required to equate her rating with the relatively superior ratings of her fellow employees, ignored the contrary guidelines in the union contract, which was valid evidence of a nondiscriminatory reason. The administrative determination was thus not supported by the substantial evidence in the record. It was also irrational to declare that such performance ratings were irrelevant to the selection process.

Because of our threshold decision, we need not reach the other points raised in this petition. Concur—Wallach, J. P., Nardelli, Williams and Mazzarelli, JJ.