■ MARTIN FERRANTE, Appellant, v AMERICAN LUNG ASSOCIATION, Respondent. [646 NYS2d 808] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered July 19, 1995, which granted defendant's motion for summary judgment dismissing plaintiff's age discrimination claim, reversed, on the law, without costs, the motion denied and the cause of action reinstated.

As the IAS Court held, plaintiff, a discharged employee of defendant, established a prima facie case of age discrimination under Executive Law § 296. However, defendant employer's submission of an affidavit alleging a legitimate, nondiscriminatory reason for terminating plaintiff's employment did not entitle defendant to judgment as a matter of law (*Mayer v Manton Cork Corp.*, 126 AD2d 526, 527); rather, it merely dispelled the inference of discrimination created by plaintiff employee's prima facie case, and shifted the burden of proof back to plaintiff to demonstrate that the legitimate nondiscriminatory reasons offered by defendant were not its true reasons, but were merely a pretext for illegal age discrimination (*Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937, 939). Moreover, the evidence submitted on plaintiff's prima facie case remains relevant to a consideration of whether he has adequately demonstrated that the reason advanced by defendant is a pretext (*Siegel v Alpha Wire Corp.*, 894 F2d 50, 53, n 1, *cert denied* 496 US 906; *see, e.g., Landwehr v Grey Adv.*, 211 AD2d 583).

On this motion for summary judgment, plaintiff was only required to identify a disputed material issue of fact with respect to whether or not defendant's articulated basis for the dismissal was merely a pretext for discriminatory action (*see, Matter of Miller Brewing Co. v State Div. of Human Rights, supra; Brooks v Blue Cross*, 195 AD2d 814, 815). " 'To defeat a summary judgment motion based only on a defendant's proffer of a nondiscriminatory animus, a plaintiff who has made a *prima facie* showing of discrimination, need only point to evidence establishing a reasonable inference that the employer's proffered explanation is unworthy of credence' " (*Siegel v*

*Alpha Wire Corp., supra,* 894 F2d, at 53, quoting *Sorba v Pennsylvania Drilling Co.,* 821 F2d 200, 205 [3d Cir 1987], *cert denied* 484 US 1019). Moreover, "[t]he plaintiff is not required to produce evidence which 'necessarily leads to the conclusion that the employer did not act for discriminatory reasons.'" *(Supra,* at 53.) Among the proof submitted by plaintiff is evidence tending to establish that defendant's employee, McCrosson, disparaged him and other persons in his department over the age of 50 by referring to them as "old men" and to plaintiff's secretary as "old Marge". Excerpts of plaintiff's deposition testimony confirm the existence of persons to whom these statements were made. In some cases, evidence of these types of slurs and remarks, either alone or in conjunction with other factors, has provided a basis either for allowing the plaintiff to have his or her day in court, or for heightening the defendant's burden of proof *(see, e.g., Equal Empl. Opportunity Commn. v Alton Packaging Corp.,* 901 F2d 920 [11th Cir 1990] [racial slurs uttered by person responsible for promotion constituted evidence of discriminatory motive requiring employer to prove by a preponderance of the evidence that employee would not have been promoted anyway]; *Siegel v Alpha Wire Corp.,* 894 F2d 50, 52, *supra* [satisfactory performance ratings during plaintiff's 21 years of employment and statements by supervisor that " 'old dogs [won't] hunt' " raised triable issues of fact and warranted denial of summary judgment]). There is also evidence, which, if credited, demonstrates that all three of the employees over 50 were fired between March 13, 1991 and December 13, 1991, the period plaintiff claimed McCrosson started his campaign to eliminate elderly employees, and that they were all terminated for "poor job performance". Some additional factors which tend to support plaintiff's allegation are the timing of the preparation of the memo articulating the basis for plaintiff's termination, the fact that defendant admittedly did not follow its own internal procedures in evaluating plaintiff's performance, and evidence that plaintiff had received high performance ratings just prior to the commencement of McCrosson's tenure.

Although defendant has submitted evidence that tends to negate plaintiff's proof, it must be remembered that the court's role in deciding a summary judgment motion is one of issue-identification, not issue-determination. Because plaintiff raised a triable material issue of fact as to whether the reason proffered for his discharge was a pretext for age discrimination, defendant's motion for summary judgment should have been denied. Concur—Milonas, Rosenberger and Mazzarelli, JJ.

Sullivan, J. P., and Kupferman, J., dissent and would affirm for the reasons stated by Wilk, J.