■ In the Matter of PAULINE M. CLARK, as Executrix of WILLIAM J. CLARK, Deceased, Petitioner, v TOWN OF NEW HARTFORD DEPARTMENT OF BUILDINGS AND GROUNDS et al., Respondents. [769 NYS2d 434]—

CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Oneida County (Grow, J.), entered June 12, 2000, seeking to annul a determination of respondent New York State Division of Human Rights.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Contrary to petitioner's contention, the determination of respondent New York State Division of Human Rights finding that respondent Town of New Hartford Depart-

ment of Buildings and Grounds (Town) did not unlawfully discriminate against petitioner's decedent on the basis of age is supported by substantial evidence (*see Mittl, Ophthalmologist v New York State Div. of Human Rights*, 100 NY2d 326, 331 [2003]). Even assuming, arguendo, that decedent established a prima facie case of age discrimination, we conclude that the Town came forward with "legitimate, independent, and nondiscriminatory reasons to support its employment decision[s]" (*Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937, 938 [1985]; *see Matter of Laverack & Haines v New York State Div. of Human Rights*, 88 NY2d 734, 738-739 [1996]; *Bockino v Metropolitan Transp. Auth.*, 224 AD2d 471, 472 [1996], *lv denied* 88 NY2d 805 [1996]). Present—Pine, J.P., Wisner, Hurlbutt, Kehoe and Hayes, JJ.