■ In the Matter of CLAUDIA CHILDS, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [869 NYS2d 818]

Memorandum: Contrary to the contention of petitioner, the determination of respondent New York State Division of Human Rights that respondent Buffalo Police Department (Department) did not unlawfully discriminate against her on the basis of gender or retaliate against her is supported by substantial evidence (*see generally Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 331

[2003]). Even assuming, arguendo, that petitioner established a prima facie case of sex discrimination or retaliation (*see* Executive Law § 296 [1] [a]; [7]; *see generally Rainer N. Mittl, Ophthalmologist, P.C.*, 100 NY2d at 330), we conclude that the Department came forward with "legitimate, independent, and nondiscriminatory reasons to support its employment decision[s]" (*Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937, 938 [1985]; *see generally Matter of Laverack & Haines v New York State Div. of Human Rights*, 88 NY2d 734, 738-739 [1996]; *Bockino v Metropolitan Transp. Auth.*, 224 AD2d 471, 472 [1996], *lv denied* 88 NY2d 805 [1996]). Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Green, JJ.