OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
In November 2001 plaintiff commenced this action to recover damages for employment discrimination in violation of Executive Law § 296. Plaintiff alleged, inter alla, that defendant had “engaged in unlawful discriminatory practices based upon race, gender, medical condition and family relationships/ responsibilities,” in that it had refused to assign her to a steady day shift, forced her to work out of title, denied her a salary increment in 1999, forced her to work under conditions which *85 caused her to develop medical problems, and terminated her by letter dated October 4, 2001. As a result, plaintiff alleged, she suffered economic loss, and loss of salary, benefits and employment prospects, she was made emotionally and physically ill, and she was caused to suffer damage to her reputation among her peers, embarrassment and humiliation. In November 2005 defendant moved for summary judgment dismissing the complaint. Plaintiff opposed the motion. By order entered March 15, 2006, the District Court granted defendant’s motion. The instant appeal by plaintiff ensued.
At the outset, we note that, contrary to defendant’s contention, plaintiff is entitled to fully pursue her statutory discrimination claims notwithstanding the fact that she has already pursued her remedies under the grievance-arbitration clause of her collective-bargaining agreement. While the arbitral decision may be admitted as evidence and accorded such weight as the court deems appropriate (see Alexander v Gardner-Denver Co., 415 US 36, 60 [1974]; Collins v New York City Tr. Auth., 305 F3d 113, 119 [2002]), here the District Court, without relying on the arbitral decision, held that defendant’s motion papers were sufficient to establish plaintiffs tardiness, absenteeism, and insubordination.
A plaintiff asserting discrimination has the initial burden to prove, by a preponderance of the evidence, a prima facie case of such discrimination (see Ferrante v American Lung Assn., 90 NY2d 623, 629 [1997]). To meet this burden under the New York State Human Rights Law (Executive Law § 296), for which the standards of recovery are the same as those under title VII of the Civil Rights Act of 1964 (see Ferrante, 90 NY2d at 629), plaintiff must demonstrate that (1) she is a member of a class protected by the statute, (2) she was qualified to hold the position, (3) she was terminated from employment or suffered another adverse employment action, and (4) that the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination (id. at 629; see also Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]). The burden then shifts to defendant “to rebut the presumption of discrimination by clearly setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision” (Matter of Miller Brewing Co. v State Div. of Human Rights, 66 NY2d 937, 938 [1985]; see also Ferrante, 90 NY2d at 629). If defendant successfully rebuts the presumption, plaintiff may never *86 theless prevail on her claim by proving that the legitimate reasons proffered by defendant were merely a pretext for discrimination, upon a demonstration that the stated reasons were false and that discrimination was the real reason (see Ferrante, 90 NY2d at 629-630). Consequently, in order to prevail on its motion for summary judgment, defendant “must demonstrate either plaintiff’s failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for [its] challenged actions, the absence of a material issue of fact as to whether [its] explanations were pretextual” (Forrest, 3 NY3d at 305).
As to plaintiffs claims of discrimination which allegedly occurred prior to November 1, 1998, plaintiff did not argue that the acts constituted disparate treatment or a hostile work environment comprised of severe and pervasive conduct so objectively offensive as to alter the conditions of her work environment (see Oncale v Sundowner Offshore Services, Inc., 523 US 75 [1998]). Therefore, we find that plaintiff cannot invoke the continuous violation doctrine since the acts were discrete, separate acts which are subject to the three-year statute of limitations (see National Railroad Passenger Corporation v Morgan, 536 US 101 [2002]). Consequently, defendant correctly asserted in its motion for summary judgment that plaintiffs claims for the period prior to November 1, 1998 are time-barred.
As to plaintiff’s claims of race, gender and disability discrimination occurring after November 1, 1998, plaintiff established that she is black and a female, which classes are protected by statute. However, defendant correctly points out that plaintiff failed to allege any facts establishing a disability for herself, but rather provided facts as to her children’s disabilities. Under Executive Law § 296 (1) (a), plaintiff cannot claim discrimination based on her children’s disabilities, as said section merely provides that it is unlawful for an employer to discriminate against any individual based upon such individual’s own disability. In addition, plaintiffs conclusory reference to her own medical conditions, for which she provides no proof, is insufficient to show that she falls within the protected class of the disabled. Consequently, plaintiff cannot prevail on her claim of disability discrimination.
With respect to plaintiffs claims involving discrimination based on her race and gender, defendant’s moving papers made a prima facie showing of defendant’s entitlement to judgment *87 as a matter of law. The moving papers established plaintiffs insubordination, abuse of time, misuse of town resources and chronic tardiness and absences and, thus, that plaintiff was unable to perform the essential functions of her jobs. Consequently, defendant demonstrated, through the introduction of admissible evidence, that it had legitimate, independent, and nondiscriminatory reasons to support its challenged actions and that its actions were not pretextual (see Matter of Miller Brewing Co., 66 NY2d at 938; see also Ferrante, 90 NY2d at 629), and plaintiff “offered no evidence that defendant’s claims in this regard were false, contrived or pretextual” (see Dickerson v Health Mgt. Corp. of Am., 21 AD3d 326, 328 [2005]). Moreover, plaintiffs opposition papers presented no facts which show that defendant “deliberately created working conditions so intolerable, difficult or unpleasant that a reasonable person would have felt compelled to resign” (Mascola v City Univ. of N.Y., 14 AD3d 409, 410 [2005]). Plaintiffs remaining contentions are unpreserved for appellate review or lack merit.
Accordingly, the District Court order granting defendant’s motion for summary judgment dismissing the complaint is affirmed.
Rudolph, EJ., Molía and Scheinkman, JJ., concur.