# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

709

TP 15-01941

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

IN THE MATTER OF RACHEL FIGUEROA, PETITIONER,

V                                                    MEMORANDUM AND ORDER

NEW YORK STATE DIVISION OF HUMAN RIGHTS
AND BUFFALO CITY SCHOOL DISTRICT, RESPONDENTS.

---

LAW OFFICE OF LINDY KORN, PLLC, BUFFALO (CHARLES MILLER OF COUNSEL), FOR PETITIONER.

CAROLINE J. DOWNEY, GENERAL COUNSEL, BRONX, FOR RESPONDENT NEW YORK STATE DIVISION OF HUMAN RIGHTS.

GOLDBERG SEGALLA LLP, BUFFALO (KRISTIN K. WHEATON OF COUNSEL), FOR RESPONDENT BUFFALO CITY SCHOOL DISTRICT.

---

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Catherine R. Nugent Panepinto, J.], dated November 16, 2015) to review a determination of respondent New York State Division of Human Rights. The determination dismissed petitioner's complaint.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner Rachel Figueroa commenced this proceeding and petitioner Ashleigh Schwallie commenced a separate proceeding (*Matter of Schwallie v New York State Div. of Human Rights*, ___ AD3d ___ [Sept. 30, 2016]) pursuant to Executive Law § 298 seeking to annul the determination of respondent New York State Division of Human Rights (Division) dismissing their complaints alleging sexual harassment and retaliation. At the time of the alleged employment discrimination, petitioners were employed by respondent Buffalo City School District (District) at the same school.

At the outset, we conclude that the District waived its contention that the petitions should be dismissed for lack of jurisdiction based upon the alleged failure of petitioners to serve the District in accordance with CPLR 311 (a) (7). Those objections to service were raised in the District's answers, and the District failed to move to dismiss the petitions on that ground within 60 days after serving its answers (*see* CPLR 3211 [e]; *Anderson & Anderson, LLP-Guangzhou v Incredible Invs. Ltd.*, 107 AD3d 1520, 1521; *Matter of*

*Resnick v Town of Canaan*, 38 AD3d 949, 951).  We also reject the District's contention that the proceedings were not timely commenced, inasmuch as the limitations period commenced on the date of service of the Division's order and the record does not establish the date of such service (*see Matter of Fantauzzi v New York State Div. of Human Rights*, 113 AD3d 518, 519).

On the merits, however, we agree with the District that substantial evidence supports the determination of the Division that the District is not liable for the coworker's discriminatory conduct.  "Under the Human Rights Law, an 'employer cannot be held liable for an employee's discriminatory act[s] unless the employer became a party to [them] by encouraging, condoning, or approving [them]' " (*Matter of New York State Div. of Human Rights v ABS Elecs., Inc*., 102 AD3d 967, 968, *lv denied* 24 NY3d 901, quoting *Matter of Totem Taxi v New York State Human Rights Appeal Bd.*, 65 NY2d 300, 305, *rearg denied* 65 NY2d 1054).  Petitioners failed to establish that the District became a party to the discriminatory conduct.  "Rather, the record establishes that [the District] 'reasonably investigated complaints of discriminatory conduct and took corrective action' " (*Matter of Gordon v New York State Dept. of Corr. & Community Supervision*, 138 AD3d 1477, 1479).

Substantial evidence also supports the determination of the Division that petitioners were not subjected to retaliation for complaining about unlawful discrimination.  Although petitioners established a prima facie case of retaliation, the District "came forward with 'legitimate, independent, and nondiscriminatory reasons to support its employment decision[s]' " (*Matter of Childs v New York State Div. of Human Rights*, 57 AD3d 1457, 1458, *lv dismissed* 12 NY3d 888, 13 NY3d 926, quoting *Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937, 938), and petitioners failed to show that those reasons were pretextual (*see Matter of Pace Univ. v New York City Commn. on Human Rights*, 85 NY2d 125, 129).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court