HERBERT LISTEMANN, Respondent, v PHILIPS COMPONENTS et al., Appellants. [787 NYS2d 354]—

In an action to recover damages for age discrimination pursuant to Executive Law § 296, the defendants appeal from an order of the Supreme Court, Dutchess County (Nolan, J.), dated January 14, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In order to establish a prima facie case of age discrimination under Executive Law § 296, a plaintiff must plead and prove that (1) he or she is a member of a protected class, (2) he or she was actively or constructively discharged, (3) he or she was qualified to hold the position from which he or she was discharged, and (4) the discharge occurred under circumstances giving rise to an inference of discrimination (*see Ferrante v American Lung Assn.,* 90 NY2d 623, 629 [1997]). Once a prima facie case is made, the burden shifts to the employer to rebut the presumption with evidence that the plaintiff was discharged for a legitimate, nondiscriminatory reason. If such evidence is produced, the presumption is rebutted and the factfinder must determine whether the proffered reasons are merely a pretext for discrimination. A factfinder who concludes that the proffered reasons are pretexutal is permitted to infer the ultimate fact of discrimination but is not required to do so (*see Ferrante v American Lung Assn., supra; Dolgon v Standard Motor Prods.,* 251 AD2d 281 [1998]; *Mayer v Manton Cork Corp.,* 126 AD2d 526 [1987]).

For the defendants to succeed on their motion for summary judgment, they had the burden of setting forth evidentiary facts to establish their defense sufficiently to entitle them to judgment as a matter of law. The defendants submitted an affidavit by the employee in charge of employment decisions who claimed that the plaintiff's discharge was due to cost-cutting measures which included closing the office where the plaintiff worked. That affidavit alleging a valid nondiscriminatory reason for

terminating the plaintiff's employment did not entitle the defendants to judgment as a matter of law. The plaintiff proffered proof to rebut the defendants' valid nondiscriminatory reason which raised a triable issue of fact as to whether the defendants' reason for his termination was pretextual, which must be resolved at trial (*see Dolgon v Standard Motor Prods., supra; Mayer v Manton Cork Corp., supra.*)

The defendants' remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Cozier, JJ., concur.