■ ROBERT SAIA, Appellant, v SUFFOLK COUNTY COMMUNITY COLLEGE, Respondent. [883 NYS2d 711]—In an action, inter alia, to recover damages for discrimination in employment on the basis of age in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated January 10, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In support of its motion for summary judgment, the defendant met its prima facie burden of establishing that its decision not to appoint the plaintiff to the position of full-time professor was based on legitimate, nondiscriminatory reasons, and not his age (*see Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO*, 6 NY3d 265, 270 [2006]; *Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]; *Tardif v Town of Southold*, 56 AD3d 755, 756 [2008]; *Listemann v Philips Components*, 13 AD3d 494 [2004]; *Herskowitz v Greystone Jewish Ctr.*, 270 AD2d 391 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the reasons proffered by the defendant were pretextual (*see Tardif v Town of Southold*, 56 AD3d at 756; *DelPapa v Queensborough Community Coll.*, 27 AD3d 614 [2006]; *Herskowitz v Greystone Jewish Ctr.*, 270 AD2d at 391).

In light of the foregoing, the plaintiff's remaining contention has been rendered academic. Rivera, J.P., Santucci, Chambers and Hall, JJ., concur.